PEATROSS, J.
|T David Lavene Gayden, Jr. (“Defendant”) pled guilty to felony carnal knowledge of a juvenile. After trial, the court sentenced Defendant to seven years at hard labor. He now appeals his sentence, claiming that it is excessive. For the reasons set forth herein, we affirm.

FACTS

The record reflects that, in August 2002, Defendant raped 14-year-old F.L.S.; and, as a result, F.L.S. was impregnated. On May 14, 2003, F.L.S gave birth to the baby. A paternity test confirmed, within a 99.997% probability, that Defendant is the biological father.
The victim asserted, and continues to assert, that the sexual intercourse was not consensual, but, rather, that Defendant forced himself upon her. On December 1, 2004, the parties entered into a plea agreement whereby the State reduced the charge against Defendant from forcible rape, which carried a maximum sentence of 40 years[1], to carnal knowledge of a minor, which carried a maximum sentence of 10 years.[2] Defendant was ultimately sentenced to serve 7 years at hard labor.

DISCUSSION

In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. Where l¡>the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,-111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a court must consider whether the sentence imposed is too severe given the crime. This consideration hinges on the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); Bradford, supra.
Prior to imposing a sentence, the court discussed several factors which were listed in the PSI report. The court noted that Defendant was a first time felony offender and that he was 25 years old at the time of the |soffense. The court also noted that the victim was 14 years old at *389 the time of the offense, became pregnant and gave birth to a child.
It further noted that the victim’s grandparents are having to raise the child, while taking care of their (other) nine children. The court stated that, at the time of the offense, Defendant lived with the victim’s aunt. Defendant has fathered six children, five of whom are the aunt’s and the other is the victim’s child. The court also stated that there was heartache caused between the victim and her aunt’s family. Additionally, the court noted that Defendant does not offer financial support to the children; however, he has bought some clothes and other necessities for the child. The court further noted that Defendant used marijuana in the month prior to his appearance and sentencing before the trial court. The court took into consideration the victim impact statements and the probation officer’s statements. As mitigating factors, the court took into consideration the letters from Defendant’s children and that he was working on obtaining a G.E.D. at the time of the offense.
Responding to the sentencing guidelines, the court opined that Defendant was in need of correctional treatment and noted that any lesser sentence would deprecate the seriousness of his crime. The court further noted the tremendous burden that was placed upon the victim and her parents as a result of Defendant’s recklessness. We agree.
Our review of the record in the case sub judice reflects that the sentencing range for Defendant’s (reduced) crime is zero to ten years.[3] The |4trial court imposed a sentence of seven years at hard labor. Considering the totality of the record, this sentence is hot constitutionally excessive. Although Defendant is a first-felony: offender, the pain and suffering caused to the victim, her family and society are irreparable. Accordingly, we do not find that the sentence imposed is grossly disproportionate to the severity of the offense, nor is it shocking to our sense of justice.

CONCLUSION

For the reasons set forth in this opinion, the conviction and sentence of Defendant, David Lavene Gayden, Jr., are affirmed.
AFFIRMED.

. See La. R.S. 14:42.1(B).

. See La. R.S. 14:80(D).

. See supra, FN 2.