NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 07-300

STATE OF LOUISIANA

VERSUS

JOHN REED

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 69746
HONORABLE LESTER P. KEES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED AS AMENDED.**

William E. Tilley
District Attorney
30th Judicial District Court
P.O. Box 1188
Leesville, LA 71446
(337) 239-2008
Counsel for Appellee:
State of Louisiana

**Carey J. Ellis, III.**
**Louisiana Appellate Project**
**P.O. Box 719**
**Rayville, LA 71269**
**(318) 728-2043**
**Counsel for Defendant:**
**John Reed**

**SAUNDERS, Judge.**

On October 4, 2006, Defendant pled guilty to carnal knowledge of a juvenile, in violation of La.R.S. 14:80. As part of the plea agreement, the State agreed to not file habitual offender proceedings against Defendant; the State made no sentencing recommendations. Thereafter, the sentencing court ordered Defendant to serve six years at hard labor with credit for time served. Defendant filed a motion to reconsider sentencing, alleging "that the sentence entered into this matter by the Court on the 28th day of December, 2006 was excessive and improper." The district court denied Defendant's motion.

Defendant now appeals and argues that his sentence is excessive. We amend Defendant's sentence to deny eligibility for diminution and then affirm Defendant's sentence as amended. We also order the sentencing court to note the correction in the minutes of court.

**STATEMENT OF FACTS:**

Around midnight on January 23, 2006, fifteen-year-old M.B.[1] called Defendant, who was twenty-five, and asked him to pick her up from her father's home. Defendant agreed and picked up M.B. M.B.'s father called the police when he discovered that M.B. was missing. Defendant admitted to having sexual intercourse with M.B. in Leesville while they were together. Defendant averred that the intercourse was consensual. M.B. confirmed Defendant's account of events.

**ERRORS PATENT:**

---

[1]Initials are used to protect the identity of the minor victim in compliance with La.R.S. 46:1844(W).

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that there are two errors patent.

First, the bill of information contains an error in the citation for the charge of carnal knowledge of a juvenile. The bill of information provides, in pertinent part, "On or about JANUARY 23, 2006, in the Parish and State aforesaid, did unlawfully commit the offense of carnal knowledge of a juvenile whose initials are M.B., age 15 years old, in violation of R.S. 14:81 (A Felony)"

The correct citation for the offense of felony carnal knowledge of a juvenile is La.R.S. 14:80. However, the erroneous citation of a statute in the charging instrument is harmless error as long as the error did not mislead the defendant to his prejudice. La.Code Crim.P. art. 464. The present defendant does not allege any prejudice because of the erroneous citation. Additionally, by entering an unqualified guilty plea, Defendant waived review of this non-jurisdictional pre-plea defect. *See State v. Crosby*, 338 So.2d 584 (La.1976).

Second, the trial court failed to specifically deny Defendant eligibility for diminution of sentence on the conviction of carnal knowledge of a juvenile. When imposing the sentence, the trial court stated in pertinent part: "Your sentence may or may not be subject to diminution for good behavior." Louisiana Revised Statutes 15:537(A) requires that diminution of sentence be denied to a person who is sentenced to imprisonment for a stated number of years or months and is convicted of or pleads guilty to certain sex offenses, including felony carnal knowledge of a juvenile, a violation of La.R.S. 14:80. This court addressed this issue in *State v.*

2

*S.D.G.*, 06-174, p.4 (La.App. 3 Cir. 5/31/06), 931 So.2d 1244, 1247, *writ denied*, 06-1917 (La. 3/16/07), 952 So.2d 694:

> Louisiana Revised Statutes 15:537(A) requires that diminution of sentence be denied to all offenders who are convicted of or plead guilty to sex offenses, including aggravated rape and aggravated incest. Here, the trial court failed to deny the defendant diminution eligibility under La.R.S. 15:537(A) for both sentences imposed. In *State v. G.M.W., Jr.*, 05-392, p. 2 (La.App. 3 Cir. 11/2/05), 916 So.2d 460, 461, the court stated:
>
>> We note that the second paragraph of La.R.S. 15:537 is clearly directed to the sentencing court, and the trial court's failure to include a denial of diminution of sentence thereunder renders Defendant's sentences illegally lenient. Pursuant to *State v. Williams*, 00-1725 (La.11/28/01), 800 So.2d 790 and La.Code Crim.P. art. 882, this court is authorized to recognize and correct illegally lenient sentences.
>
>> Here, the trial court's failure to deny diminution of sentence renders the defendant's sentences illegally lenient. Therefore, we amend the defendant's sentences to reflect that diminution eligibility is denied pursuant to La.R.S. 15:537(A). We also instruct the trial court to make a notation in the minutes reflecting the amendment.

Thus, Defendant received an illegally lenient sentence. Consequently, we amend Defendant's sentence for carnal knowledge of a juvenile to reflect that he is not eligible for diminution of sentence pursuant to La.R.S. 15:537 and instruct the trial court to note the amendment in the court minutes.

**DISCUSSION:**

Defendant argues that, in his particular case, six years at hard labor for carnal knowledge of a juvenile constitutes an excessive sentence. Defendant contends that he is not the worst of offenders and urges that, considering the factors stated by the sentencing court, six years is excessive.

Our Louisiana Supreme Court has determined that the standard for reviewing excessive sentence claims is abuse of discretion:

3

The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion.

*State v. Williams*, 03-3514, p. 14 (La. 12/13/04), 893 So.2d 7, 16-17 (citations omitted).

"Whoever commits the crime of felony carnal knowledge of a juvenile shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both." La.Code Crim.P. art. 14:80. Therefore, Defendant's six-year hard labor sentence fits within the sentencing parameters set out by the felony carnal knowledge of a juvenile statute. Because Defendant faced a maximum ten-year sentence, his six-year sentence is mid-range.

However, even though Defendant's mid-range sentence is authorized by La.Code Crim.P. art. 14:80, it may still be excessive:

A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

*State v. Guzman*, 99-1753, p. 15 (La. 5/16/00), 769 So.2d 1158, 1167 (citations omitted).

In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted), this court discussed the factors it would consider in order to determine whether a sentence

4

shocks the sense of justice or makes no meaningful contribution to acceptable penal

goals:

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

Prior to sentencing Defendant, the trial court gave the following reasons for its

decision:

> A pre-sentence investigation was ordered by the Court. I have reviewed it in determining [Defendant's] sentence today. I've also reviewed the factors outlined under Code of Criminal Procedure Article 894.1 and the following specific factors. Was there economic harm caused to the victim in this case? Well, there may not have been economic harm[,] but there, certainly, it can be suggested or presumed there was emotional harm caused in this case to the victim and to the victim's parents, perhaps. The Court finds no substantial grounds exist that tend to excuse or justify Mr. Reed's conduct. He acted on his own free will and accord. The facts of the case don't indicate strong provocation, it does indicate that the act was consensual[,] but he still acted on his own free will and accord. He didn't have to commit the act. He is twenty-six years old, he is single, he has no children. He is in good health. He currently works for Ameritech Building Systems. He has worked in the past as a floor hand for two offshore companies. He has completed the eleventh grade. He has no history of drug or alcohol abuse. He has a prior criminal record. He has a conviction for theft over five hundred dollars and a conspiracy to commit theft over five hundred dollars with a juvenile on November 13th, 2002 in the Thirtieth Judicial District Court. He is my probationer. He was sentenced to three years hard labor on each charge and the jail [time] was suspended and he was placed on five years supervised probation. A probation revocation hearing is pending next month. He has a conviction in the Fourteenth Judicial District Court on August 24th, 2006[,] for contributing to the delinquency of a juvenile[,] which is a misdemeanor grade. He was originally charged with a felony grade in that case. He was sentenced to six months in . . . the parish jail and that was suspended except for

5

thirty days. He received one year [of] D.A. probation. These two prior offenses involve juveniles as does the instant offense. One of them was a felony, so, he appears before the Court today as a second felony offender. The Court considers whether or not he is likely to respond favorably to probationary treatment. The Court has considered that he committed the instant offense while on felony and misdemeanor probation and continued to violate the conditions of probation by failure to report, he could not be found for over a year, he failed to pay court ordered amounts, he continued to associate with underage females after being warned by his probation officer not to do so. He was arrested two different times for these type violations while under supervision. Taking those factors into consideration[,] the Court considers that Mr. Reed is not a likely candidate for probationary treatment and that there is a likelihood that he would commit another crime while on probation[,] which he has already shown that he will do[,] and that he is in need of correctional treatment. A lesser sentence would deprecate the seriousness of his offense. He is a second felony offender.

The second circuit has affirmed a seven-year hard labor sentence for a defendant found guilty of carnal knowledge of a juvenile after noting that the defendant was twenty-five, that the victim was fourteen, and that the defendant was a first-time felony offender. *State v. Gayden*, 40,388 (La.App. 2 Cir. 1/25/06), 920 So.2d 386. This court also affirmed a seven-year hard labor sentence for a first-time felony offender convicted of carnal knowledge of a juvenile after finding that the defendant was thirty years old and well aware that the victim was sixteen, that the victim's father had warned the defendant to stay away from the victim, and that the defendant had refused to stay away. *Smith*, 846 So.2d at 786. The fifth circuit has affirmed the seven-year hard labor sentence imposed on a thirty-nine-year-old minister who used his position to obtain carnal knowledge of one of his fifteen-year-old parishioners. *State v. Esteves*, 01-399 (La.App. 5 Cir. 10/30/01), 800 So.2d 1040. In *State v. Worsham*, 32,670 (La.App. 2 Cir. 2/1/00), 754 So.2d 1107, the second circuit affirmed the eighteen-year-old first felony offender's seven-year hard labor sentence for committing carnal knowledge of a thirteen-year-old juvenile. The

second circuit has also affirmed a seven-year hard labor sentence for a forty-six-year-old first-felony offender who had a good reputation in the community; his victim was twelve. *State v. Gray*, 32,177 (La.App. 2 Cir. 8/18/99), 747 So.2d 608.

Because the jurisprudence shows that first-felony offenders who, for the most part, have had no prior bad interactions with juveniles have routinely received a harsher penalty than that imposed on Defendant, who is a second-felony offender with a record of bad interactions involving juveniles, we find that the imposition of a six-year hard labor sentence in the instant case does not constitute a manifest abuse of discretion.

## DISPOSITION:

We amend Defendant's sentence to reflect that he is not eligible for diminution of sentence pursuant to La.R.S. 15:537 and affirm Defendant's sentence as amended. We also instruct the trial court to note the amendment in the minutes of court.

**AFFIRMED AS AMENDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.