747 So.2d 608 (1999)
STATE of Louisiana, Appellee,
v.
Houston GRAY, Appellant.
No. 32,177-KA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1999.
*609 W. Lee Perkins, Monroe, Counsel for Appellant.
Richard Ieyoub, Attorney General, Jerry Jones, District Attorney, Charles Brumfield, Assistant District Attorney, Counsel for Appellee.
Before BROWN, STEWART and GASKINS, JJ.
BROWN, J.
Defendant, Houston Gray, complains that his seven-year hard labor sentence for carnal knowledge of a juvenile is excessive. We find no error and affirm.

Discussion
Defendant was charged by an amended bill of information with three counts of carnal knowledge of a juvenile occurring between the dates of May 1, 1997 and June 5, 1997. At the time of the offenses, defendant was 46 years old. His female victim, whose family lived in the same neighborhood as defendant and his wife, was only 12 years old. Defendant pled guilty to one count of carnal knowledge of a juvenile and the remaining two charges were dropped.
After reviewing a pre-sentence investigation report, the trial court sentenced defendant to seven years at hard labor. Defendant's motion to reconsider sentence was denied and this appeal ensued.
Whether the sentence imposed is excessive depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1 § 20 if it makes no measurable contribution to acceptable goals of punishment and is nothing more than a purposeless and needless infliction of pain and suffering. State v. Baxley, 94-2982 (La.5/22/95), 656 So.2d 973; State v. Dorthey, 623 So.2d 1276 (La.1993). To determine whether a particular sentence is excessive, the reviewing court must decide whether it is so disproportionate to the severity of the crime as to shock the sense of justice. State v. Marshall, 94-0461 (La.9/5/95), 660 So.2d 819; State v. Bonanno, 384 So.2d 355 (La.1980).
A trial judge has broad sentencing discretion because he remains in the best position to assess the aggravating and mitigating circumstances presented by each case. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La.App.2d Cir. 04/02/97), 691 So.2d 345. A plea bargain which brings about substantial benefit to the defendant is a legitimate consideration in sentencing. State v. Berry, 29,945 (La.App.2d Cir.10/29/97), 702 So.2d 33; State v. Strange, 28,466 (La. App.2d Cir.06/26/96), 677 So.2d 587; State v. Lighten, 516 So.2d 1266 (La.App. 2d Cir.1987).
Carnal knowledge of a juvenile, La. R.S. 14:80, is punishable by imprisonment, with or without hard labor, for not more than ten years. Defendant, originally charged with three counts of carnal knowledge of a juvenile, faced a maximum penalty of 30 years at hard labor. Instead, defendant was allowed to plead guilty to one count of carnal knowledge, thus reducing his exposure in this matter to a maximum of ten years at hard labor. In exchange for his agreement to plead guilty to one count, the state dismissed the other charges against defendant. We also note that had the sexual acts occurred four months earlier, defendant would have been facing a life sentence for aggravated rape.
*610 The trial judge reviewed the PSI report, letters from people in the community urging the maximum sentence as well as letters requesting a suspended sentence and probation. The PSI notes that defendant is a first time non-violent offender who has worked for the same employer for more than 20 years and has been married to the same woman for more than 27 years. The PSI also includes information detailing the trauma suffered by the 12-year-old victim and her family.
While defendant has urged that his lack of a prior criminal history and good standing in the community qualified him for some type of probation or suspended sentence, the trial court was not required to render a suspended or probated sentence on a first felony offense. Instead, the trial court may consider whatever factors and evidence it deems important to determine what is in the best interest of the public and the defendant. State v. Strange, supra; State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983).
Our review does not reveal constitutional error. As noted previously, defendant significantly reduced his sentencing exposure by pleading guilty to one of three counts. Considering defendant's age and keeping in mind the harm that has been done to the 12-year-old victim and her family, we cannot say that defendant's seven-year hard labor sentence shocks the sense of justice, nor is it a needless or purposeless infliction of pain and suffering. Only four months kept this 46-year-old defendant from being charged with aggravated rape and facing a life sentence. There is clearly no merit to his argument.

Conclusion
For the reasons expressed above, defendant's conviction and sentence are AFFIRMED.