CARAWAY, J.
|, Defendant was charged by bill of information with four counts involving sexual offenses affecting minors, including felony carnal knowledge of a juvenile, in violation of La. R.S. 14:80(A)(1), molestation of a juvenile, in violation of La. R.S. 14:81.2(C), and two counts of pornography involving juveniles, in violation of La. R.S. 14:81.1(A)(1). The bill also charged malfeasance in office in violation of La. R.S. 14:134.1. Defendant pled guilty to carnal knowledge of a juvenile less than 17 years of age in exchange for the state’s dismissal of the other charges. After accepting defendant’s guilty plea, the trial court imposed a 4-year sentence at hard labor with credit for time served. Defendant appeals the sentence as excessive. We affirm.
Matters of record reveal that defendant, Sara M. Watson, was employed by the state at its Swanson Correctional Facility in Monroe, Louisiana, as a counselor in the mental health unit. On January 7, 2005, Det. Tracy Heath of the Monroe Police Department began investigating allegations that a female counselor had sex with one or two male juveniles housed at the institution. Det. Heath obtained an arrest warrant for Watson. Immediately before arresting Watson, he obtained a recorded statement in which she admitted having sex with J.R.S. in her office at Swanson on three occasions when he was between 16 and 17 years old.[1] The bill of information alleged that these offenses occurred between September 1, 2004, and January 10, 2005.
LA trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939. In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). A trial judge shall exercise his discretion to impose a sentence according to the individualized circumstances of the offense and the offender. State v. Rogers, 405 So.2d 829 (La.1981). In tailoring the sentence to the individual, the important elements which should be considered are the defendant’s personal history (age, family ties, *335 marital status, health, employment record), prior criminal record, the seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, 394, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385. Second, whether the sentence imposed is too severe depends on the | acircumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
A trial judge has broad sentencing discretion because he remains in the best position to assess the aggravating and mitigating circumstances presented by each case. State v. Gray, 32,177 (La.App.2d Cir.8/18/99), 747 So.2d 608, citing State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Gray, supra. A plea bargain which brings about substantial benefit to the defendant is a legitimate consideration in sentencing. State v. Gray, supra. A trial court is not required to order a suspended or probated sentence for a first felony offender. State v. DeGueurce, 30,334 (La.App.2d Cir.2/25/98), 710 So.2d 296.
Prior to imposing the sentence, the trial court discussed several factors listed in the pre-sentence investigation report. The trial court noted defendant’s status as a first felony offender and was particularly impressed with her academic credentials of achieving a master’s degree. He acknowledged receiving letters from her family, friends and former cojworkers4 written in her support. The counter-weighing factors included the victim’s peculiar vulnerability due to his age, the special counselor/patient relationship, the custodial environment and the multiple sexual acts which defendant admitted in her recorded statement. Additionally, the trial court considered the testimony of the victim’s mother, who testified that J.R.S. was depressed and on suicide watch after the defendant was arrested. In mitigation, the trial court noted that defendant’s guilty plea shielded J.R.S. from the ordeal of going through a trial. The trial court considered that the defendant needed correctional treatment for the purposes of both punishment and deterrence.
Felony carnal knowledge of a juvenile is punishable by a fíne and/or imprisonment, with or without hard labor, for not more than ten years. La. R.S. 14:80(D). The trial court sentenced defendant to 4 years at hard labor with credit for time served. On this record, we do not find constitutional error. The sentence is lawful and less than one-half of the maximum sentence exposure. Defendant also received substantial benefit from her plea bargain in which four other counts were dismissed. The maximum sentence for the dismissed charge of molestation of a juvenile is fifteen years. La. R.S. 14:81.2(C). Thus, we do not find the sentence imposed grossly disproportionate to the severity of the offense nor is it shocking to our sense of justice.
*336 For the foregoing reasons, the sentence is affirmed.
AFFIRMED.

. J.R.S.’s date of birth is November 16, 1988.