962 So.2d 1165 (2007)
STATE of Louisiana, Appellee
v.
Jason S. WYANT, Appellant.
No. 42,338-KA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 2007.
*1166 Louisiana Appellate Project, by Carey J. Ellis, III, for Appellant.
Iley H. Evans, District Attorney, Brian E. Frazier, Assistant District Attorney, for Appellee.
Before STEWART, CARAWAY and LOLLEY, JJ.
STEWART, J.
The defendant, Jason S. Wyant, pled guilty to felony carnal knowledge of a juvenile and was sentenced to ten years at hard labor, with two years suspended and with five years of active supervised probation after service of the eight-year term. He appeals the sentence for excessiveness. We affirm.

FACTS
The defendant was indicted by grand jury for the crime of felony carnal knowledge of a juvenile, a violation of La. R.S. 14:80, committed on April 20, 2005, against the juvenile, J.J.S., who was twelve at the time of the offense. The defendant was twenty-five. The record indicates that the defendant, along with two other adults, gave the young victim alcoholic beverages and led her to engage in sexual behavior. The activity of the four culminated in the defendant having sexual intercourse with the victim.
The defendant entered a guilty plea. According to La. R.S. 14:80, felony carnal knowledge of a juvenile is punishable by a fine of not more than five thousand dollars, or imprisonment, with or without hard labor, for not more than ten years or both.
At the sentencing hearing, the defendant apologized for his actions. He explained that he married at a young age and has two small children to support. The trial judge considered the ages of the victim and the defendant, the fact that alcohol was introduced to the young victim, the hardship the crime has caused the families of both the victim and the defendant, the presentence investigation ("PSI") report, and the factors of La. C. Cr. P. art. 894.1. Then, the trial judge imposed the maximum ten-year hard labor sentence, with two years suspended, and five years of active supervised probation thereafter. The defendant was ordered to register as a sex offender and obtain counseling. He was also ordered to make specified reimbursements and pay for the victim's counseling. Although not mentioned at sentencing, the defendant will be given credit for time served under the provisions of La. C. Cr. P. art. 880.
The defendant filed a motion for reconsideration of the sentence. He argued that he had no criminal history, that he had employment, and that his incarceration would be a hardship on his family. At the hearing on the motion to reconsider, the victim's mother related that her daughter has trouble sleeping and has nightmares from the incident. She also stated that her daughter was crying and shaking from having to face the defendant. The defendant expressed his regret, but also questioned why he was solely to blame when two other individuals were also involved when the incident occurred. The defendant's mother and wife testified about the hardships they have endured as a result of the defendant's incarceration and asked that the sentence be reduced.
The trial judge noted that he was aware of the circumstances of the incident and *1167 the fact that others were involved. He noted that the crime caused pain to both families and that the defendant seemed to sincerely regret his actions. However, the trial judge maintained the sentence, describing it as fair and just. This appeal followed.

DISCUSSION
A two-pronged test is used in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating and mitigating factor, but the record must reflect adequate consideration of the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2d Cir.2/28/07), 953 So.2d 890. The goal of Article 894.1 is an articulation of a factual basis for the sentence, rather than rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App. 2d Cir.1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452.
Important factors which should be considered include the defendant's personal history (age, family ties, marital status, health, employment history), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App. 2d Cir.04/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728. However, there is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App. 2d Cir.3/1/00), 754 So.2d 392, writ denied, XXXX-XXXX (La.2/2/01), 783 So.2d 385.
The second part of the two-pronged test requires a determination of whether the sentence violates La. Const. art. I, § 20 by being grossly disproportionate to the severity of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La.1/15/02), 805 So.2d 166; State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
Upon review of the record, we find that application of the two-pronged test does not show the sentence to be excessive. The record shows an adequate factual basis for the harsh sentence, despite the fact that the trial court's articulation at sentencing of the factors underlying the sentence imposed was minimal. Although the defendant is a first felony offender and married with two young children to support, our review of the record, including the PSI report and the transcript of the hearing on the motion to reconsider the sentence, convinces us that the sentence is not constitutionally excessive. The defendant ignored his responsibility to his family to seek sexual gratification with a young girl.
Considering the great disparity between the ages of the defendant and the victim, the apparently deliberate use of alcohol to induce the twelve-year old child's "consent" to sexual intercourse, and the severe effects of the incident on the child, as testified to by her mother, this sentence does not shock the conscience of the court or appear to be a needless imposition of pain and suffering on the defendant.

*1168 ERRORS PATENT
We note that at sentencing, the trial court did not properly advise the defendant of the time period within which to apply for post-conviction relief. We now advise defendant that no application for post-conviction relief shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. arts. 914 or 922. See State v. Pugh, 40,159 (La.App. 2d Cir.9/21/05), 911 So.2d 898.

CONCLUSION
For the reasons explained, the defendant's sentence is affirmed.
AFFIRMED.