975 So.2d 812 (2008)
STATE of Louisiana, Appellee,
v.
Douglas FULLER, Appellant.
No. 42,971-KA.
Court of Appeal of Louisiana, Second Circuit.
February 13, 2008.
*813 Louisiana Appellate Project by Edward Kelly Bauman, for Appellant.
Indigent Defender Board by Mary Ellen Halterman, J. Schuyler Marvin, District Attorney, John M. Lawrence, C. Sherburne Sentell, III, Assistant District Attorneys, for Appellee.
Before BROWN, WILLIAMS and DREW, JJ.
DREW, J.
Douglas Fuller, originally charged with forcible rape, La. R.S. 14:42.1, entered a plea of guilty to one count of felony carnal knowledge of a juvenile. La. R.S. 14:80(A)(1). The trial court imposed a sentence of imprisonment at hard labor for eight years with credit for time served. We affirm.
On or about June 13, 2006, the defendant, then 26 years old, had vaginal intercourse with D.M., whose date of birth is November 27, 1992. The offense occurred during a family reunion which D.M. was attending with her mother, A.M., in Webster Parish, Louisiana. As a result, D.M. became pregnant and underwent an abortion. DNA testing on the fetus indicated that the likelihood of someone other than the defendant being the father was 1 in 3.83 million.
Defendant was charged by bill of information filed on December 8, 2006, with one count of forcible rape, a violation of La. R.S. 14:42.1. The defendant initially entered a plea of not guilty. On March 19, 2007, after reaching a plea agreement with the state, the defendant withdrew his plea of not guilty and pled guilty to the amended charge of felony carnal knowledge of a juvenile, a violation of La. R.S. 14:80(A)(1). The state dropped the forcible rape charge. After accepting the defendant's plea, the state ordered a presentence investigation. On May 14, 2007, the defendant was sentenced to eight years at hard labor.
Defendant appeals his sentence, claiming it is excessive. Our jurisprudence as to review for excessiveness of sentence is well settled.[1]
*814 In the instant case, the trial court ordered a presentence investigation ("PSI") and indicated at sentencing that:
 it had reviewed the PSI report;
 it had considered the factors set forth in the La. C. Cr. P. art. 894.1;
 defendant had caused the victim great damage, given her young age and the fact that she underwent an abortion as a result of the offense; and
 the defendant's age was considered as an aggravating factor on the basis that the defendant was old enough at the time of the offense to have clearly crossed the "threshold of being an adult," and should have known better.
This eight-year hard labor sentence is not excessive, particularly when considering that defendant's exposure under the original charge was far greater.
On this record, we do not find constitutional error. While the trial court's articulation of the factual basis under La. C. Cr. P. art. 894.1 was certainly not exhaustive, the record indicates an adequate factual basis for the sentence imposed. The defendant's social history indicates no grounds tending to excuse or justify his conduct and does not indicate that his incarceration will cause an excessive hardship on dependents. While the record reflects that the defendant was a first felony offender, it also reflects a misdemeanor history which includes driving under the influence and drug possession. The defendant received substantial benefits as a result of the plea bargain agreement. Given the seriousness of the offense, the impact on the victim, and the benefit of the plea bargain received by the defendant, the sentence does not shock the sense of justice nor is it disproportionate to the severity of the offense.

ERROR PATENT
The trial court failed to advise the defendant at sentencing that he has two years from the time his conviction and sentence are final to seek post-conviction relief as required by La. C. Cr. P. art. 930.8. The statute contains supplicatory language which does not bestow an enforceable right on an individual defendant. State v. Hunter, 36,692 (La.App.2d Cir.12/20/02), 834 So.2d 6. Furthermore, *815 this defect has no bearing on whether the sentence is excessive and, thus, is not grounds to reverse the sentence or to remand the case for resentencing. State v. Ferrell, 26,649 (La.App.2d Cir.12/7/94), 647 So.2d 427. We now advise the defendant by this opinion that no application for post-conviction relief shall be considered if it is filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. C. Cr. P. arts. 914 or 922.

CONCLUSION
The defendant's conviction and sentence are AFFIRMED.
NOTES
[1] The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. There is no requirement that specific matters be given any particular weight at sentencing. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La. App.2d Cir. 1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57, and 2004-2380 (La.6/3/05), 903 So.2d 452. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1; State v. Lanclos, supra.

Second, a sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La. 1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La. 1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir. 1/24/07), 948 So.2d 379.
Furthermore, a trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Shirley, 41,608 (La.App.2d Cir. 12/13/06), 945 So.2d 267. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive. State v. Guzman, 99-1528 (La.5/16/00), 769 So.2d 1158; State v. June, 38,440 (La.App.2d Cir.5/12/04), 873 So.2d 939.