978 So.2d 491 (2008)
STATE of Louisiana, Appellee,
v.
Jeromie Alan BENSON, Appellant.
No. 43,150-KA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 2008.
*492 Louisiana Appellate Project by James E. Beal, for Appellant.
Jerry L. Jones, District Attorney, Stephen T. Sylvester, Assistant District Attorney, for Appellee.
Before STEWART, GASKINS and DREW, JJ.
DREW, J.
Jeromie Benson was charged with three counts of felony carnal knowledge of a juvenile, a violation of La. R.S. 14:80. He pled guilty to one of the counts. The court sentenced Benson to serve seven years at hard labor. He now appeals his sentence as being excessive. We affirm.

FACTS
Even though the defendant entered a guilty plea to one count of felony carnal knowledge of a juvenile, La. R.S. 14:80, there is no Boykin colloquy in this record. Accordingly, we have relied heavily upon police reports and the presentence investigation report.
A brief time line may be helpful here:
 April 21, 1979  Defendant is born.
 August 20, 1988[1]  Victim ("A.G.") is born.
 October 6, 2005  Defendant admits having had sexual intercourse with his juvenile sister-in-law, A.G., on three occasions:
(1) First, about two years before his statement,[2] after promising to give the child a car that he owned;
(2) Second, about a couple of months after the first time, in exchange for some music CDs; and
(3) Third and final time, about two months prior to the date he was giving his statement, after agreeing to give the girl a car stereo in exchange for sex.
 March 28, 2006  The state charged the defendant in a bill of information with three counts of felony carnal knowledge of a juvenile.
 December 14, 2006  Defendant pled guilty to one of the counts.
 February 8, 2007  Defendant sentenced to seven years at hard labor.
 July 25, 2007  Motion to reconsider sentence denied.
Benson adamantly denied that force was involved in any of these incidents.
The victim gave the Ouachita Parish Sheriff's Office a very different account, saying that:
 the defendant began having sex with her when she was 11 years old;
 she and the defendant had sex approximately once per month until about one month prior to her September 29, 2005, statement to the Ouachita Parish Sheriff's Office;

*493  Benson threatened her with physical violence on occasion; and
 several months prior to her statement, the defendant put a gun to her head and forced her to have sex with him.
The judge reviewed the presentence investigation report and noted that:
 the defendant had no criminal record;
 acts of intercourse between the defendant and the victim probably occurred on multiple occasions;
 this abhorrent conduct was enabled by his kinship by affinity;
 the maximum sentence here would be a 10 years at hard labor;
 the relationship had an adverse impact upon her grades;
 the experience caused her to have nightmares;
 the offense had a detrimental effect on the victim's life; and
 a seven-year hard labor sentence was appropriate for this defendant.
Our law on review of sentences for excessiveness is well settled.[3]
The trial court thoroughly reviewed the presentence investigation report, and gave adequate consideration to the factors listed in La. C. Cr. P. art. 894.1.
The most significant mitigating factor in this case was the defendant's lack of a prior criminal record, but that was overshadowed by the extent of the defendant's conduct and the benefit that the defendant obtained from the plea bargain. The defendant faced three separate charges of felony carnal knowledge of a juvenile but was allowed to plead guilty to only one count, thereby eliminating the chance that *494 he could receive multiple consecutive sentences. The defendant's conduct continued over a period of time, even accepting his version of the events. Although the defendant was a first offender, the court felt a significant sentence was appropriate. The trial court concluded that the defendant needed correctional treatment rather than probation, and on this record, that decision is clearly not an abuse of the court's wide discretion. The defendant's sentence is not excessive.

DECREE
The defendant's conviction and sentence are AFFIRMED.
NOTES
[1] The victim's date of birth in the record is also listed as August 28, 1988.
[2] The date of the first admitted offense would therefore be sometime in the fall of 2003.
[3] The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La. 1982); State v. Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.04/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir. 12/13/06), 945 So.2d 277, writ denied, XXXX-XXXX (La.9/28/07), 964 So.2d 351.

Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La. 1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La. 1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Robinson, 40,983 (La.App.2d Cir. 1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
A trial court is not required to render a suspended sentence or probation on a first felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Woodman, 28,004 (La.App.2d Cir.1/24/96), 666 So.2d 1255, writ denied, 96-0489 (La.5/3/96), 672 So.2d 696.