NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-528

STATE OF LOUISIANA

VERSUS

BRIAN DALE OLIVER

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 16558-03
HONORABLE A.J. PLANCHARD, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Oswald A. Decuir and Marc T. Amy, Judges.

CONVICTION AND SENTENCE AFFIRMED.

John Foster DeRosier
District Attorney
1020 Ryan Street
Lake Charles, LA 70601
(337) 437-3400
Counsel for Appellee:
	State of Louisiana

Carla Sue Sigler
Assistant District Attorney
1020 Ryan Street
Lake Charles, LA 70601
(337) 437-3400
Counsel for Appellee:
	State of Louisiana

**Mark O. Foster**
**Louisiana Appellate Project**
**P. O. Box 2057**
**Natchitoches, LA 71457**
**(318) 572-5693**
**Counsel for Defendant/Appellant:**
**Brian Dale Oliver**

**DECUIR, Judge.**

On August 14, 2003, the Defendant, Brian Dale Oliver, was indicted by a grand jury for aggravated rape, a violation of La.R.S. 14:42. The Defendant pled guilty to the amended charge of felony carnal knowledge of a juvenile on May 15, 2007, and was sentenced to serve ten years at hard labor with credit for time served. A motion to reconsider sentence was denied following a hearing. The Defendant is now before this court on appeal, raising one assignment of error.

## ASSIGNMENT OF ERROR:

The Defendant pleaded guilty to felony carnal knowledge of a juvenile after admitting to having sexual intercourse with a fifteen-year-old girl. The record indicates that the Defendant was 42 years old at the time of the offense. His 19-year-old girlfriend, now wife, who was a friend of the victim, induced the victim to come to their home where they gave her alcohol, and the Defendant proceeded to have sex with her in the presence of his girlfriend.

In his sole assignment of error, the Defendant contends his sentence is unconstitutionally excessive. He argues that maximum sentences are reserved for the most egregious offenses and offenders, and that the maximum ten-year sentence in this case is cruel, unusual, and excessive. The Defendant contends the trial court erred in failing to fully consider mitigating factors relevant to a lesser sentence such as the victim's conduct, his offer to pay for her counseling, and his lack of understanding that his conduct would cause serious harm.

This court has set forth the following standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless

> imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p.5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331. Upon review, the appellate court "may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes." *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

"As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender." *State v. Hall*, 35,151, p. 4 (La.App. 2 Cir. 9/26/01), 796 So.2d 164, 169. Nevertheless, when a defendant pleads guilty "to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense." *State v. Sims*, 43,140, p. 6 (La.App. 2 Cir. 4/30/08), 981 So.2d 838, 842-43. Sims, a first felony offender, was sentenced to ten years at hard labor for carnal knowledge of a juvenile. Affirming, the appellate court found an adequate factual basis for the sentence imposed. The victim was a thirteen-year-old girl at the junior high at which the defendant was a substitute teacher.

The penalty for felony carnal knowledge of a juvenile, as set forth in La.R.S. 14:80(D), is a fine of not more than five thousand dollars, or imprisonment, with or without hard labor, for not more than ten years, or both. Although the trial court

2

imposed the maximum prison term, the Defendant's sentencing exposure was drastically reduced as a result of his plea agreement. Prior to his plea, the Defendant faced a mandatory life sentence on the original charge of aggravated rape.

At sentencing, the trial court discussed the Presentence Investigation Report and any factors in mitigation presented in the report. The trial court also considered the nature of the offense in light of La.Code Crim.P. art. 894.1 and specifically found the Defendant, who has a criminal history, to be in need of correctional treatment. The trial court found the crime was not provoked and there was no excuse or justification for the Defendant's conduct. While acknowledging that the Defendant is married, the trial court found there would be no excessive hardship on the Defendant's dependents; the court noted the Defendant married "the individual who was charged along with [the Defendant] in this activity."

Discussing the victim, the trial court found the Defendant's conduct threatened and inflicted serious harm on this fifteen-year-old girl, whose age rendered her incapable of inducing or facilitating the commission of the offense. The court found no excuse or justification for the crime and concluded that a sentence less than the maximum would deprecate the seriousness of the offense.

A review of the jurisprudence involving similar sentences for the same offense indicates that the Defendant's sentence is not excessive. In *State v. Allen*, 03-1205 (La.App. 5 Cir. 2/23/04), 868 So.2d 877, the defendant was convicted of six counts of felony carnal knowledge of a juvenile and received a ten-year sentence at hard labor on each count. The sentences were ordered to run concurrently. The twenty-two-year-old defendant admitted that he had sexual intercourse with the thirteen-year-old victim on six separate occasions over a two-month period, but denied having knowledge of her age. In affirming the defendant's sentence, the

3

appellate court observed that he received a significant benefit from his plea agreement. The State agreed not to multiple-bill the defendant as a second felony offender, thereby avoiding exposure to a possible maximum sentence of twenty years. The court also noted that the defendant had multiple previous arrests for past criminal activities.

In *State v. Wyant*, 42,338 (La.App. 2 Cir. 8/15/07), 962 So.2d 1165, the defendant was charged and pled guilty to felony carnal knowledge of a juvenile. He was sentenced to ten years at hard labor, which was affirmed by the appellate court. The defendant, a married father of two, used alcohol to induce the twelve-year-old girl's consent to sexual intercourse. Because of the great disparity between the ages of the defendant and the victim, the deliberate use of alcohol to induce the victim's consent to sexual intercourse, and the severe effects of the offense on the victim, the court concluded the sentence was not excessive.

In *State v. Fuller*, 42,971 (La.App. 2 Cir. 2/13/08), 975 So.2d 812, the defendant was originally charged with forcible rape and entered a plea of guilty to one count of felony carnal knowledge of a juvenile. He was sentenced to eight years at hard labor. The twenty-six-year-old defendant had sexual intercourse with the fourteen-year-old victim during a family reunion. As a result of the offense, the victim became pregnant and underwent an abortion. The sentencing court noted that the defendant caused the victim great damage, given her young age and the fact that she underwent an abortion as a result of the offense. The defendant's age was considered as an aggravating factor because he was ". . . old enough at the time of the offense to have clearly crossed the 'threshold of being an adult,' and should have known better." *Id*. at 814. In affirming the defendant's sentence on appeal, the court stated that the defendant's social history did not reflect any ground tending to excuse

4

or justify his conduct and did not indicate that incarceration would cause an excessive hardship on dependents. Although the defendant was a first felony offender, the appellate court observed the defendant's misdemeanor history which included driving under the influence and drug possession.

In *State v. Benson*, 43,150 (La.App. 2 Cir. 2/27/08), 978 So.2d 491, the defendant was charged with three counts carnal knowledge of a juvenile, his teenage sister-in-law. Pursuant to a plea bargain, the defendant pled guilty to one count of carnal knowledge of a juvenile and was sentenced to seven years at hard labor. On appeal, the court found that the most significant mitigating factor was the defendant's lack of a prior criminal record. The court concluded, however, that fact was outweighed by the extent of the defendant's conduct and the benefit he received from the plea bargain.

A review of the record before us shows the trial court considered all the alleged mitigating factors referred to by the Defendant in his motion to reconsider sentence and determined that the alleged mitigating factors did not exist as claimed by the Defendant. Considering the trial court's compliance with Article 894.1, the evidence adduced at the sentencing hearings, the benefit the Defendant received from his plea agreement, and the jurisprudence cited herein, we find that the Defendant's sentence is not excessive.

Accordingly, for the reasons assigned, and finding no error patent on the face of the record, the Defendant's conviction and sentence are affirmed.

**CONVICTION AND SENTENCE AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

5