# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 10-1284

**STATE OF LOUISIANA**

**VERSUS**

**RONNIE PRATHER**

**********

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, DOCKET NO. 153,786, DIV. B
HONORABLE WILLIAM J. BENNETT, DISTRICT JUDGE
**********

## SYLVIA R. COOKS
## JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

**AFFIRMED**.

**Dmitrc I. Burnes**
**P.O. Box 650**
**Alexandria, LA 71309-0650**
**(318) 448-0482**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Ronnie Prather**

**Miche' Moreau, Assistant District Attorney**
**Parish of Avoyelles**
**P.O. Box 608**
**Marksville, LA 71351**
**(318) 253-4551**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**COOKS, Judge.**

Defendant, Ronnie Prather, was charged with Felony Carnal Knowledge of a Juvenile, under La.R.S. 14:80, and with Indecent Behavior with a Juvenile, under La.R.S. 14:81. Pursuant to a plea bargain, Defendant pled guilty to one count of Felony Carnal Knowledge of a Juvenile and the charge of Indecent Behavior with a Juvenile was *nolle prossed*. During the plea negotiations, a sentence could not be agreed to by the parties, and the sentence was left up to the trial court.

At sentencing, the trial judge ordered Defendant to serve five years in the Louisiana Department of Corrections, with credit for time served. Defendant filed a motion to reconsider sentence, which was subsequently heard and denied by the trial court. Defendant appeals his sentence, asserting the following assignments of error:

> 1. The district court erred by basing Defendant's sentence upon acts other than to which he pled;
>
> 2. The district court erred by denying Defendant's Amended Motion to Reconsider Sentence.

### ANALYSIS

Noting that the two assignments of error overlap, Defendant argues both together. The primary argument espoused by Defendant is that he confessed to and pled guilty to one act, and believed his sentencing would be based only upon that one act. However, Defendant argues the trial court based his sentence upon multiple acts. At the sentencing hearing, the trial court stated, in pertinent part, the basis for imposition of sentence:

> I was told that there was one incident and one incident only. That proved to be far from the truth. I ordered a pre-sentence investigation report. The reason I did so is because Carnal Knowledge of Juvenile in the law generally on the first offense, is a probation sentence. Because what we generally consider carnal knowledge is you have a high school

girl with a boyfriend that's more than four years older and they're having consensual sex. . . . In this case, it's not a girl and boy, it's a man and a boy. . . .

And I learned it was not one act, I learned for three years there were multiple acts, many, many acts even at times . . . the evidence in this file of the district attorney's office, the strong, strong overwhelming evidence indicates that this went on multiple times, even when there were times where you wouldn't feed the victim unless he had sex with you . . . one time you hit him because he refused to have sex with you. . .

Looking at the aggravating factors. . . your conduct during the commission of the crime manifested deliberate cruelty to the victim because of his young and tender age. . . you used your position or status as an older boss man, the employer to facilitate the commission of the crime . . . threats were made to the victim . . . and this offense resulted in a significant permanent injury to the victim and his family.

. . . I do find that there is an undue risk that during any period of a suspended sentence or probation that you would commit another crime.

In his Motion to Reconsider Sentence, Defendant made the same argument he now makes on appeal, i.e., that he deserved probation, or at a minimum, a lesser sentence, because the trial court considered multiple acts even though he only pled guilty and confessed to one act. After hearing testimony from Defendant and the attorney who represented him at the plea and sentencing, the trial court denied the Motion to Reconsider Sentence. The trial court gave the following oral reasons for his ruling:

. . . if I were to grant that, that would totally disregard the provisions of Article 894.1 of the Code of Criminal Procedure and totally disregard the purpose behind any pre-sentence investigation report and simply should say, alright Mr. Prater [sic] you had consensual sex one time with somebody and you have no criminal record, so I'm going to slap you on the wrist, give you probation and go about your business, but that's not how our law works and I was quite explicit in speaking with Mr. Prather, to members of his family who some of which I know well and it certainly displeased them when I sentenced Mr. Prather as I did. I worked extremely hard studying this case from one end to the other to make sure that what happened was what I thought was just, considering what Mr. Prather was also facing had these matters proceeded to trial and what could have happened versus what he ended up receiving. Everybody was extremely up front with Mr. Prather . . . at least I was . . . up front with Mr. Prather and in fact telling him that I have never as trial judge in a blind plea sentenced a defendant to more time or worse

-2-

conditions that what was offered by the state and I was very explicit in my reasons for ruling that I could have done so in this case, but did not because I told him I wasn't going to exceed what the state offered and made comment in my reasons that this is one time that I thought the DA's office really had it right, that the five year sentence that they suggested was a fair end to the multiple charges and multiple claims and what could have been multiple trials and multiple psychological trauma to both Mr. Prather and to the victim and to both of the families and the additional cost to the state and to the defense and that this was absolutely the right thing to do and if I would not . . . if I would have sentenced him as he thought, he says I was going to sentencing [sic] him and I'm not saying Mr. Prather's lying about his belief, his belief . . . I believe he thought in his own mind, hey, I did one thing and that's all I'm admitting to and that's all I'm going to get punished for, but that would totally disregard the statute, article 894.1 of the Code of Criminal Procedure and I can't do that. I can't sentence based on that and I certainly did not tell Mr. Prather that I would disregard the law in imposing sentence. . . . In any regard, the motion to reconsider is denied.

Defendant revisits the same argument on appeal. We note no statutory or jurisprudential authority is cited in support of his argument. The State disputes that Defendant was ever told he would be sentenced based on only one act. However, Defendant was charged and pled guilty to only one count of felony carnal knowledge of a juvenile.

After a review of the record, we find, although it could be inferred that the trial court based Defendants sentence on more than one act, we find any such error is harmless. A five-year sentence for one act of felony carnal knowledge is appropriate considering the facts and circumstances of this case.

"Whoever commits the crime of felony carnal knowledge of a juvenile shall be fined not more that $5,000.00, or imprisoned, with or without hard labor, for not more than ten years, or both . . ." La.R.S. 14:80. Thus, the sentence imposed was a mid-range sentence. The trial court noted that this was *not* the type of violation of felony carnal knowledge of a juvenile that would support only probation. The trial court also listed several aggravating factors: (1) Defendant's conduct during the

commission of the offense constituted deliberate cruelty to the victim; (2) Defendant knew or should have known the victim was particularly vulnerable and/or incapable of resistance due to the significant difference in age and the fact that Defendant was his boss; (3) Defendant used actual threats or actual violence in the commission of the crime; (4) Defendant knowingly created a risk of death or great bodily harm; and (5) the offense resulted in significant permanent injury to the victim and/or his family. The trial court also noted there were two mitigating factors: (1) Defendant was a first felony offender; and (2) his imprisonment would entail excessive hardship to himself or his dependents.

We also note the following cases which support the five year sentence imposed by the trial court. In *State v. Fuller*, 42,971 (La.App. 2 Cir. 2/13/08), 975 So.2d 812, the defendant pled guilty to one count of felony carnal knowledge of a juvenile. Even though the defendant was a first felony offender, the trial court sentenced him to eight years at hard labor. The appellate court affirmed. In *State v. Wyant*, 42,338 (La.App. 2 Cir. 8/15/07), 962 So.2d 1165, the defendant, who was 25, pled guilty to one count of felony carnal knowledge of a juvenile, after having alcohol induced "consensual" intercourse with a 12 year-old. The defendant was sentenced to the maximum term of ten years, with two years suspended, and five years of active supervised probation thereafter. The defendant argued he had no criminal history, and had two small children to support. The appellate court affirmed the sentence. In *State v. Watson*, 41,094 (La.App. 2 Cir. 6/28/06), 935 So.2d 333, the defendant pled guilty to one count of felony carnal knowledge of a juvenile. The defendant was a counselor in a mental health facility of a correctional facility and admitted to having sex with a 16 year-old in her office. She was sentenced to four years at hard labor. In imposing the sentence, the trial court found the defendant needed correctional treatment for the

purposes of both punishment and deterrence, despite the fact it was impressed with the defendant's lack of criminal history and academic credentials. The appellate court affirmed the sentence.

Considering the above cases, and the noted aggravating factors listed by the trial court in the present case, we find the sentence of five years at hard labor was appropriate to the one count of felony carnal knowledge of a juvenile committed by Defendant.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. Our review has detected no errors patent, but we do find the sentencing minutes and the Commitment require correction.

The sentencing minutes and the Commitment reflect that Defendant's sentence was imposed without benefit of probation, parole or suspension of sentence. The sentencing transcript indicates the court did not restrict these benefits when imposing Defendant's sentence. When the transcript and court minutes conflict, the transcript prevails. *State v. Colton*, 07-252 (La.App. 3 Cir. 10/31/07), 968 So.2d 1239, *writ denied*, 07-2296 (La. 4/25/08), 978 So.2d 364. Additionally, we note La.R.S. 14:80 does not require a sentence imposed for felony carnal knowledge of a juvenile be served without benefit of probation, parole or suspension of sentence.

We order the trial court to correct the sentencing minutes and Commitment to delete the provision stating that Defendant's sentence is to be served without benefit of probation, parole or suspension of sentence. Additionally, the Commitment must be corrected to accurately reflect that Defendant was convicted of felony carnal knowledge of a juvenile rather than forgery.

**DECREE**

For the foregoing reasons, Defendant's sentence is affirmed. The trial court is ordered to correct the sentencing minutes and Commitment to delete the provision stating that Defendant's sentence is to be served without benefit of probation, parole or suspension of sentence. We also order the Commitment to be corrected to accurately reflect that Defendant was convicted of felony carnal knowledge of a juvenile rather than forgery.

**AFFIRMED.**