# NOT DESIGNATED FOR PUBLICATION

Edward Kelly Bauman
La Appellate Project
P. O. Box 1641
Lake Charles LA 70602-1641


**REHEARING ACTION: August 6, 2014**


**Docket Number: 14   00201-KA**

**STATE OF LOUISIANA**
**VERSUS**
**MALCOLM JARMAN RHODES**

**Appealed from Calcasieu Parish Case No. 12148-12**


**BEFORE JUDGES:**

   **Hon. Ulysses Gene Thibodeaux**
   **Hon. Billy Howard Ezell**
   **Hon. Shannon J. Gremillion**


As counsel of record in the captioned case, you are hereby notified that the application

for rehearing filed by **Malcolm Jarman Rhodes** has this day been

   **GRANTED.  (See attached Opinion on Rehearing)**
   Gremillion, J., would deny the rehearing.


cc: John Foster DeRosier, Counsel for the Appellee
    Carla Sue Sigler, Counsel for the Appellee

NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-201

STATE OF LOUISIANA

VERSUS

MALCOLM JARMAN RHODES


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 12148-12
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*\*\*


ON REHEARING

BILLY H. EZELL
JUDGE


\*\*\*\*\*\*\*\*\*\*\*\*


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy H. Ezell, and Shannon J. Gremillion, Judges.

**SENTENCE AFFIRMED**.


John F. DeRosier
District Attorney - 14th JDC
P. O. Box 3206
Lake Charles, LA 70602-3206
(337) 437-3400
COUNSEL FOR APPELLEE:
        State of Louisiana

**Edward K. Bauman**
**P. O. Box 1641**
**Lake Charles, LA 70602-1541**
**(337) 491-0593**
**COUNSEL FOR APPELLANT:**
       **Malcolm Jarman Rhodes**

**EZELL, Judge**

In *State v. Rhodes*, 14-201 (La.App. 3 Cir. 6/4/14) (unpublished opinion) this court chose to preclude review of the excessiveness of Defendant's sentence of ten years at hard labor, with five years suspended and credit for time served, for failure to raise the issue of excessiveness of the sentence as required by La.Code Crim.P. art. 881.1(E). A rehearing is granted in this case for the purpose of considering the excessiveness of the sentence as Defendant did raise the excessiveness of the sentence in his motion to reconsider sentence.

## FACTS

Whereas Defendant pled guilty, the facts are as recited in support of Defendant's guilty plea, as follows:

> If called to trial, the State would prove between the dates of September 1, 2010 and November 30, 2010 this defendant did violate LSA R.S. 14:80 in that he being over the age of 17 did have sexual relations with a person under the age of 17 who is not his spouse and where there is an age difference of greater than four years, Your Honor, all occurring in the Parish of Calcasieu.

## ASSIGNMENT OF ERROR

Defendant argues that since he was sixteen at the time he had sexual intercourse with an eleven-year-old girl, the sentence of five years imprisonment, with five years of supervised probation upon release, is excessive in his case.

The statute regarding felony carnal knowledge of a juvenile, in pertinent part, provides:

> D.(1) Whoever commits the crime of felony carnal knowledge of a juvenile shall be fined not more than five thousand dollars, or imprisoned, with or without hard labor, for not more than ten years, or both, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provision of Code of Criminal Procedure Article 893.

La.R.S. 14:80.

As noted above, Defendant was sentenced to ten years at hard labor, five years suspended, with supervised probation upon release from incarceration. Concerning excessive sentences, in *State v. Salameh,* 09-1422, p. 4 (La.App. 3 Cir. 5/5/10), 38 So.3d 568, 570 (quoting *State v. Barling,* 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331) (alteration in original), this court has stated:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell,* 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

Furthermore, in *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, this court noted:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith,* 99-0606 (La.7/6/00); 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook,* 95-2784 (La.5/31/96); 674 So.2d 957, 958.

At the sentencing hearing, the trial court reviewed the presentence investigation report. The trial court heard statements made by family members and a statement from Defendant and arguments by defense counsel and the State. The trial court then stated it had reviewed the facts of the case in accordance with La.Code Crim.P. art. 894.1. The trial court also noted that while Defendant was technically a first time felony offender he had a simple burglary conviction and a juvenile history which involved another sexual offense. The trial court went on to note:

> In looking at the degree of incarceration, the Court must review aggravating and mitigating circumstances.
>
> I do find that the conduct of the offender was such that it would manifest deliberate cruelty. I accept the 11-year old's recitation of the factual circumstances. They appear to be consistent throughout her - - the pending of these matters, and so therefore it wouldn't appear that it was coerced or forced in some form or faction.
>
> . . . .
>
> The offender knew or should have known particularly the vulnerability. Obviously, 11 years old, it should have been obvious to the defendant. I find that to be aggravating.
>
> I agree with the State also, that the offender used position or status to facilitate. He was an older, physically dominant individual that was allowed as an invitee into the home where the young girl was when the interaction occurred.
>
> Also, in reviewing the factual situation, the offender used threats of actual violence in the commission, specifically the statements that if anyone were told, that she would be harmed.
>
> I find that the offense resulted in a significant permanent injury and significant economic loss to the victim and their family. Obviously, based on a recitation of information on the presentence investigation, the victim has significant problems. The stress of a 12-years old raising a child, as well as her family, being a basis for that.
>
> . . . .
>
> Other aggravating circumstances that have been somewhat mitigated today, but originally the denial, testing DNA, at that point, which admitting it was the child, said that it was consensual, noting again today that he accepted responsibility and recognized it was

wrong, but then again stating that it was consensual and she was involved, noting that from a legal standpoint, an 11-year old cannot give consent for sexual contact.

Reviews of the following cases support the ten-year sentence, with five years suspended, and five years supervised probation upon release. In *State v. Fuller*, 42,971 (La.App. 2 Cir. 2/13/08), 975 So.2d 812, the second circuit affirmed the sentence even though the defendant was a first felony offender and the trial court sentenced him to eight years at hard labor. In *State v. Wyant,* 42,338 (La.App. 2 Cir. 8/15/07), 962 So.2d 1165, the defendant, who was twenty-five, pled guilty to one count of felony carnal knowledge of a juvenile, after having alcohol induced sexual intercourse with a twelve-year-old. The defendant was sentenced to the maximum term of ten years, with two years suspended, and five years of active supervised probation thereafter. The defendant argued he had no criminal history and had two small children to support. The appellate court affirmed the sentence. In *State v. Watson,* 41,094 (La.App. 2 Cir. 6/28/06), 935 So.2d 333, the defendant pled guilty to one count of felony carnal knowledge of a juvenile. The defendant was a counselor in a mental health unit of a correctional facility and admitted to having sex with a 16 year-old in her office. She was sentenced to four years at hard labor. In imposing the sentence, the trial court found the defendant needed correctional treatment for the purposes of both punishment and deterrence, despite the fact it was impressed with the defendant's lack of criminal history and academic credentials.

In the current case, Defendant was charged with aggravated rape. The victim was eleven years old and birthed a child when she was twelve. She stated Defendant threatened to kill her if she told anyone. However, he was permitted to plead guilty to carnal knowledge of a juvenile, and the State agreed to not use the conviction for the purpose of a habitual offender bill. Defendant thus avoided the

5

possibility of a life sentence. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. *State v. Black*, 28,100 (La.App. 2 Cir. 2/28/96), 669 So.2d 667, *writ denied,* 96-836 (La. 9/20/96), 679 So.2d 430.

Defendant claims he never had opportunities to develop a skill or a trade because he was diagnosed with a bipolar disorder when he was fourteen years old. He claimed he had made a mistake and took responsibility for the offense. However, at the sentencing hearing, claiming he had matured since the incident, he stated:

> Well, if there was a hearing - - I apologize. I mean, I apologize because - - we was both wrong, we was both wrong. I mean, I'm telling you - - yes, I'm taking full responsibility, but there's a - - she - - the girl, I mean was willing. I mean, come on, man, it just - - it wasn't - - right how she - - how she played the whole story thing.

We find that the trial court did not abuse its considerable discretion when it sentenced Defendant. A ten-year sentence of imprisonment, with five years suspended and five years of supervised probation, in the case of a sixteen-year-old raping an eleven-year-old and threatening to harm her if she told, is not such that would shock this court's sense of justice.

## DECREE

After a review of the record, we find Defendant's sentence is not excessive. Therefore, Defendant's sentence is affirmed.

**SENTENCE AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.