| .THOMAS F. DALEY, Judge.
The defendant, Bret Esteves, pled guilty to carnal knowledge of a juvenile in violation of LSA-R.S. 14:80. Following a pre-sentence investigation and sentencing hearing, defendant was sentenced to seven years at hard labor. He has appealed, claiming that the facts and circumstances of this case do not support a seven year sentence and the sentence is constitutionally excessive.
The Eighth Amendment of the United States Constitution and Article I, Section 20 of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. A sentence is generally considered to be excessive if it is grossly disproportionate to the offense or imposes needless pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lobato, 603 So.2d 739, 751 (La.1992); State v. Williams, 98-1146 (La.App. 5 Cir. 6/1/99), 738 So.2d 640, 655, writ denied, 99-1984 (La.1/7/00), 752 So.2d 176.
1 P|LSA-R.S. 14:80(C) provides the penalty for carnal knowledge of a juvenile as follows:
C. Whoever commits the crime of carnal knowledge of a juvenile shall be imprisoned, with or without hard labor, for not more than ten years, provided that the defendant shall not be eligible to have his conviction set aside or his prosecution dismissed in accordance with the provisions of Code of Criminal Procedure Article 893.
The trial judge imposed the seven-year sentence after reviewing the pre-sentence investigation report, and after conducting a sentencing hearing at which the defen *1042 dant, the victim, her father, and her grandmother testified.
The pre-sentence investigation report contains a detailed recitation of the events leading up to this offense. At the time of the offense, the victim K.B. was 15 years old and the defendant was 39 years old. According to the report, the defendant frequently showed up at KB.’s window at 3:00 in the morning. K.B. would leave the house through her bedroom window, and defendant would drive them to West Jefferson Hospital’s parking lot, where they engaged in mutual oral sex. In December of 1998, defendant and K.B. engaged in sexual intercourse at a hotel in Harvey. When K.B.’s father learned of KB.’s nocturnal activities, he bolted her window shut. Defendant nevertheless continued his visits, and they had conversations through the closed window.
At sentencing KB.’s father testified that he began attending the church where the defendant was a minister when K.B. was about eight years old. K.B. began to spend a lot of time with a woman at the church who was a friend of the defendant. She then began to spend time with defendant. He also testified as to the heartache the situation caused him. K.B. testified that she loved the defendant and felt that he should not go to jail. The trial judge questioned K.B. extensively as to her |relationship with defendant. K.B. explained that she began talking to the defendant about the bible and looked to him for guidance. She explained they made vows to each other “in the eyes of God” and the defendant told her that their relationship was “right.”
The trial judge provided extensive reasons for the sentence imposed. In particular, the trial court found the defendant had used his position as a minister, “one who committed his life to a life of service to God ... to facilitate his own position and conduct for his own advantages and immoral conduct.” The trial judge observed that the defendant was a first offender. However, the judge stated he was not convinced the defendant had any remorse for committing the offense. The judge further stated that he was in agreement with the pre-sentence investigation report’s recommendation against probation.
The trial judge has broad discretion in sentencing a defendant and his sentence may not be set aside unless there is an abuse of that discretion. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158. The record reflects that the trial judge considered the pre-sentence investigation report, as well as all of the circumstances of the offense, in sentencing the defendant. The defendant established a relationship of confidence with the victim and then took advantage of that relationship to foster a sexual relationship with the victim. The defendant admitted that he knew that engaging in sexual conduct with a minor was a crime, and he was remorseful for committing a crime, but not for his feelings about the victim. Given the facts and circumstances of this case, we do not find that the seven year sentence shocks our sense of justice, nor do we find the sentence to be an abuse of discretion by the trial judge.
j ¡¡Further, a review of the case law indicates that a seven year sentence for a first felony offender who pled guilty to carnal knowledge of a juvenile has been upheld. See State v. Worsham, 32,670 (La.App. 2 Cir. 2/1/00), 754 So.2d 1107; State v. Gray, 32,177 (La.App. 2 Cir. 8/18/99), 747 So.2d 608.
The defendant also contends the trial court erred when it added to the sentence committing the defendant to imprisonment additional terms and conditions, which were not stated during the sentencing pro *1043 ceeding in the defendant’s presence. Specifically, defendant asserts that there is a conflict between the transcript and commitment because the commitment reflects that the trial judge ordered defendant not to have contact with K.B. until she reached twenty-one, while the transcript does not. Thus, the defendant contends that the commitment should be amended to delete this portion of the sentence. The State agrees that the trial judge did not impose this condition upon the defendant at sentencing.
When there is a discrepancy between the transcript and the minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). The commitment in this case states that the “[d]efendant is not to have any further contact with the victim in this matter until she reaches the age of 21,” while the transcript does not. Therefore, the portion of the commitment order, which prohibits contact with the victim is vacated.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
The record reflects another conflict between the transcript and the commitment in that the commitment reflects the trial judge told' the defendant that he had two years from the finality of the judgment of conviction to file post-conviction relief. | fiThe transcript, however, reflects that the trial court judge told the defendant he had “two years to file for post conviction relief.” On remand the district court is ordered to inform the defendant of the provisions of LSA-C.Cr.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this Court’s opinion and to file written proof that defendant received the notice in the record. State v. Gibson, 97-1203 (La.App. 5 Cir. 3/25/98), 708 So.2d 1276.
During sentencing the trial court imposed special conditions pursuant to LSA-C.Cr.P. art. 895(J), which requires sex offenders who are placed on probation to successfully complete a sex offender treatment program.
Article 895(J) applies to sex offenders placed on probation. The trial judge had no authority to order defendant to complete a sex offender treatment program pursuant to Article 895(J), when the defendant was not placed on probation. Accordingly, that portion of the sentence is vacated.
For the foregoing reasons, the defendant’s sentence is affirmed as amended. This matter is remanded to the district court for the limited purpose of correctly informing defendant of the time frame for seeking post conviction relief.
AFFIRMED; MATTER REMANDED.