JUDE G. GRAVOIS, Judge.
 

 Defendant, Kenneth Phillips, appeals his conviction and sentence for aggravated incest. On appeal, defendant argues that the trial court erred in denying his motion for specific performance of an alleged plea bargain. He also argues that his sentence of 15 years at hard labor is constitutionally excessive. For the following reasons, we affirm defendant’s conviction, vacate his sentence in part, and remand with instructions.
 

 
 *613
 

 PROCEDURAL HISTORY AND FACTS
 

 The Jefferson Parish District Attorney’s Office filed a bill of information against defendant charging him with aggravated incest in violation of LSA-R.S. 14:78.1. He initially pled not guilty and filed several pre-trial motions.
 
 [1]
 
 He later withdrew his not guilty plea and entered a plea of guilty to the charged offense. The trial court ordered a pre-sentence investigation report and subsequently sentenced defendant to 15 years at hard labor and imposed a $10,000 fine.
 

 Approximately eight months after sentence was imposed, defendant filed several
 
 pro se
 
 motions to amend and/or modify his sentence, which were denied. He also filed a “writ of mandamus” with this Court seeking review of the circumstances surrounding his conviction. This Court granted his writ for the limited purpose that the matter be remanded and treated as an application for an out-of-time appeal. On remand, the trial court granted defendant an out-of-time appeal.
 

 Defendant’s conviction was the result of a guilty plea. As such, the facts and circumstances surrounding the charged offense are not fully developed in the record.
 
 [2]
 
 During the plea colloquy, the trial court asked defendant what he had done and defendant replied:
 

 My daughter came into the room, sir, and for the brief moment I was watching pornography when she came into the room. I touched her breast a second or two after that. I began cursing at her and sent her out the room.
 

 ASSIGNMENT OF ERROR NUMBER ONE
 
 — REQUEST
 
 FOR SPECIFIC PERFORMANCE OF ALLEGED PLEA BARGAIN
 

 Defense counsel asserts the trial court erred in denying defendant’s motion for specific performance of his plea bargain in which defendant argued that he did not get what he bargained for. Specifically, defendant maintained he pled guilty in exchange for a five-year probated sentence. Defense counsel suggests that there is some support in the record for defendant’s belief that he was to receive a probated |4sentence and states, “[i]n the event that this Honorable Court should find from this record the existence of an agreement amongst all of the parties, then, this Honorable Court should vacate his conviction and sentence and his plea of not guilty to the charge should be reinstated.”
 

 The record shows that defendant pled guilty to aggravated incest. He executed a waiver of rights form acknowledging and waiving his Boykin
 
 [3]
 
 rights. The form indicated a pre-sentence investigation (PSI) would be ordered and that his sentence would be determined at a later date. The
 
 *614
 
 transcript of the plea colloquy shows defendant was advised of his
 
 Boykin
 
 rights and waived them. The trial court advised defendant that the sentencing range for aggravated incest was five to twenty years at hard labor and that a PSI would be ordered in connection with sentencing. The trial court specifically stated that “no promises have been made to [defendant] by this Court; no representations of any kind to [defendant’s] counsel or any parties, whatsoever, as to the sentence which I will impose in this case.” The trial court further stated defendant would be considered a sex offender and advised defendant of the statutory provisions applicable to sex offenders, such as the registration requirement and the fact that a sex offender is not entitled to probation unless certain conditions are imposed. The trial court subsequently accepted defendant’s guilty plea, after finding it to be knowing and voluntary, and ordered a PSI. After receiving the PSI, the trial court sentenced defendant to 15 years at hard labor and imposed a $10,000 fine.
 

 Approximately eight months later, on March 5, 2008, defendant filed a
 
 pro se
 
 motion to amend and/or modify his sentence, in which he claimed he had learned from his mistakes and was seeking to have his 15-year sentence modified or reduced to a lesser and more lenient sentence, specifically requesting an eight-[years sentence. Defendant specifically stated he was not attacking his conviction. In this motion, defendant makes no mention of an alleged plea bargain.
 

 The trial court denied defendant’s motion on the basis a sentence cannot be amended once the defendant has begun serving the sentence. Three months later, defendant filed a second
 
 pro se
 
 motion to amend and/or modify his sentence. In his second motion, defendant claimed that his sentence was based on “the inaccuratey [sic] surrounding an incompetent plea agreement.” He again stressed that he was not attacking his conviction, but was simply seeking a reduction in his sentence. The trial court denied defendant’s second motion to reduce his sentence explaining that defendant’s sentence could not be amended because he had already begun serving it. The trial court also stated defendant could not seek review of a sentence imposed in conformity with a plea agreement.
 

 Defendant subsequently filed a writ application attacking the circumstances surrounding his guilty plea and the excessiveness of his sentence. This Court granted defendant’s writ for the limited purpose of allowing defendant to obtain an out-of-time appeal.
 

 Defendant then filed a
 
 pro se
 
 motion for specific performance of the plea bargain with the district court, in which he claimed there was an agreement between himself, his counsel, the prosecutor and the trial judge, that he would receive a five-year probated sentence in exchange for his guilty plea. The trial court denied defendant’s motion stating that the waiver of rights form indicated that the sentence would be determined and there was no mention of probation or any determined sentence. In a separate order on the same day, the trial court granted defendant an out-of-time appeal pursuant to this Court’s order.
 

 | (¡On appeal, defendant claims that the trial court breached the plea agreement by failing to give him a probated sentence, and therefore erred in denying his motion for specific performance.
 

 Of note, defendant did not object to his sentence at the time it was imposed. Generally, under LSA-C.Cr.P. art. 841, an irregularity or error cannot be availed of after the verdict unless it was objected to
 
 *615
 
 at the time of occurrence. Once a defendant has been sentenced, only those guilty pleas which are constitutionally infirm may be withdrawn and only by appeal or post-conviction relief.
 
 State v. McCoil,
 
 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept.
 
 State v. Dixon,
 
 449 So.2d 463, 464 (La.1984);
 
 State v. Mitchell,
 
 08-629, p. 11 (La.App. 5 Cir. 1/13/09), 7 So.3d 744, 751,
 
 writ denied,
 
 09-254 (La.10/30/09), 21 So.3d 270. In such instances, a defendant has been denied due process because the plea was not given freely and voluntarily.
 
 State v. Dixon, supra.
 
 Here, defendant’s complaint that the trial court failed to enforce a plea agreement is a claim that his guilty plea is constitutionally infirm.
 
 State v. Cheatham,
 
 44,247, p. 7 (La.App. 2 Cir. 5/13/09), 12 So.3d 1047, 1051.
 

 A plea bargain is viewed as a contract between the State and one accused of a crime.
 
 State v. Roberts,
 
 07-493, p. 5 (La.App. 5 Cir. 11/27/07), 973 So.2d 791, 794. In determining the validity of a plea agreement, Louisiana courts generally refer to rules of contract law, while recognizing at the same time that a criminal defendant’s constitutional right to fairness may be broader than his or her rights under contract law.
 
 State v. Givens,
 
 99-3518 (La.1/17/01), 776 So.2d 443, 455.
 

 The first step under contract law is to determine whether a contract was formed in the first place through offer and acceptance. The party demanding | performance of a contract has the burden of proving its existence.
 
 State v. Givens, supra; State v. Mitchell,
 
 08-629 at 10, 7 So.3d at 751. Under substantive criminal law, there are two alternative remedies available for a breach of a plea bargain: (1) specific performance of the agreement, or (2) nullification or withdrawal of the guilty plea.
 
 State v. Puzzio,
 
 08-484, pp. 7-8 (La.App. 5 Cir. 11/12/08), 1 So.3d 540, 543-44. In the context of plea bargains, a defendant may demand specific performance of the State’s promise if he can show the parties reached an agreement, and that in doing so, he relinquished a fundamental right.
 
 State v. Givens,
 
 99-3518 at 15, 776 So.2d at 455.
 

 In the present case, neither the waiver of rights form nor the transcript of the plea colloquy shows that defendant was to receive a probated sentence in exchange for his guilty plea. The waiver of rights form expressly stated that defendant’s sentence was to be determined after a PSI was ordered, and, during the plea colloquy, the trial court specifically stated that no promises or representations had been made as to the sentence the trial court would impose.
 

 In reviewing the sentencing range for the charged offense, the trial court specifically noted that parole, probation and suspension of sentence were available. The trial judge court further explained that probation was contingent upon special conditions and he reviewed the conditions. Also, on the same day defendant pled guilty,, he and defense counsel executed a form entitled “Certificate of Sex Offender Special Probation Conditions.” The form expressly stated, “[t]his document sets forth the special conditions of your probation as a sex offender.” It is unclear why defendant and defense counsel executed this on the day defendant entered his guilty plea when a sentence was not imposed on that date. It is also noted that this form is not signed by the trial judge or the district attorney.
 

 | ^Although the trial court advised defendant of the possibility of probation, the trial court made it clear he was not making
 
 *616
 
 any promises regarding defendant’s sentence as a result of his guilty plea. Additionally, the waiver of rights form indicated that defendant’s sentence was to be determined at a later date and there was no mention of a probated sentence. Furthermore, neither the . State nor the trial judge signed the conditions of probation form. In addition, relator’s first motion to amend and/or modify his sentence, filed on March 5, 2008, makes no mention of a plea bargain and in fact asks for an eight-year sentence, not the five-year probated sentence that defendant now alleges he was promised.
 

 We find that defendant failed to carry his burden of showing there was an agreement between him and the State regarding a probated sentence, and thus the trial court did not err in denying defendant’s motion for specific performance of a plea bargain. The execution of the conditions of probation form is the only support for defendant’s contention that he was under the belief that he would receive a probated sentence. The rest of the record, as noted above, does not support and specifically counters defendant’s claim. The transcript of the
 
 guilty
 
 plea as a whole shows that the trial judge made defendant aware of all possible statutes and conditions that might apply to any sentence he might receive, including conditions of probation in that event, but the trial judge specifically did not promise the defendant a probated sentence or any particular sentence.
 

 Where a defendant’s alleged misunderstanding is not induced by or attributed to representations made by the district attorney or the trial court, there are no grounds for withdrawal of the plea.
 
 State v. Hoover,
 
 34,952, p. 4 (La.App. 2 Cir. 4/5/01), 785 So.2d 184, 188.
 

 For the above reasons, this assignment of error is without merit.
 

 |
 
 ASSIGNMENT OF ERROR NUMBER TWO
 
 — EXCESSIVE
 
 SENTENCE
 

 Defendant argues that his 15-year sentence is unconstitutionally excessive. He claims that his youthful age and the fact he was a police officer with no prior criminal history renders his sentence excessive.
 

 LSA-C.Cr.P. art. 881.2(A)(2) provides that “[t]he defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea.” The record does not reflect that defendant agreed to a specific term or a cap regarding his sentence. Instead, he was made aware of the sentencing range for the offense when he pled guilty and was not sentenced until after the PSI was completed and reviewed by the trial court. Since no specific sentence was agreed upon in the plea agreement and no sentencing cap was set, defendant is not precluded from seeking review of his sentence under LSA-C.Cr.P. art. 881.2(A)(2).
 
 See State v. Allen,
 
 03-1205, p. 3 (La.App. 5 Cir. 2/23/04) 868 So.2d 877, 878.
 

 Defendant failed to file a motion to reconsider sentence or to state the specific grounds upon which his oral motion was based, therefore limiting defendant to a review of his sentence for constitutional excessiveness.
 
 [4]
 

 See State v. Ragas,
 
 07-3,
 
 *617
 
 p. 10 (La.App. 5 Cir. 5/15/07), 960 So.2d 266, 272,
 
 writ denied,
 
 07-1440 (La.1/7/08), 973 So.2d 732.
 

 The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment.
 
 State v. Pearson,
 
 07-332, p. 15 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 655. A Imsentence is considered excessive, even when it is within the applicable statutory range, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.
 
 Id.
 

 In reviewing a sentence for ex-cessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the sense of justice.
 
 State v. Pearson,
 
 07-332 at 15, 975 So.2d at 655-56. A trial judge has broad discretion when imposing a sentence, and a reviewing court may not set a sentence aside absent a manifest abuse of discretion.
 
 State v. Dorsey,
 
 07-67, p. 5 (La.App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate.
 
 Id.
 
 In reviewing a trial court’s sentencing discretion, three factors are considered: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts..
 
 State v. Pearson,
 
 07-332 at 15-16, 975 So.2d at 656.
 

 Defendant pled guilty to aggravated incest. At the time the offenses were committed, LSA-R.S. 14:78.1(D) provided that “[a] person convicted of aggravated incest shall be fined an amount not to exceed fifty thousand dollars, or imprisoned, with or without hard labor, for a term not less than five years nor more than twenty years, or both.”
 
 [5]
 
 - Defendant received 15 years at hard labor and a $10,000 fine.
 

 In imposing sentence, the trial judge considered the PSI and impact statements, which were attached to the PSI.
 
 [6]
 
 He noted that the victim was only 12 |i;years old and was .defendant’s step-daughter. He recognized defendant’s status as a first time offender but noted the offenses occurred over a three-year period. The trial judge further noted that defendant was a 27-year-old police officer, who possessed a weapon, and was in a position of power and authority over the victim. He explained that defendant’s conduct was offensive because he was a police officer who fully understood the law. Additionally, the trial judge stated that the impact statements indicated that defendant had not accepted responsibility for his actions and that he even suggested the victim was partly responsible for what happened.
 
 [7]
 
 
 *618
 
 The trial judge also noted that defendant was not remorseful about his conduct.
 

 The trial judge also commented on the impact of defendant’s offense on the victim. He stated that as a result of defendant’s conduct, the victim had serious issues including fear for her own personal safety and that of her mother, the ability to trust any man, and feeling unworthy.
 

 Defendant contends that his 15-year sentence is excessive considering his youthful age and lack of criminal history. There are several similar cases in which other first time offenders were convicted of aggravated incest and received similar sentences. In
 
 State v. Anderson,
 
 95-1688, pp. 8-9 (La.App. 3 Cir. 5/8/96), 677 So.2d 480, 485, the defendant’s 15-year sentence on two convictions for aggravated incest committed against his 14-year-old stepdaughter were found not to be excessive despite the fact the defendant was a first time offender. And, in
 
 State v. Hotoph,
 
 99-243, pp. 28-29 (La.App. 5 Cir.11/10/99), 750 So.2d 1036, 1053,
 
 writs denied,
 
 99-3477 (La.6/30/00), 765 So.2d 1062, and 00-150 (La.6/30/00), 765 So.2d 1066, this Court upheld a 15-year sentence imposed on the defendant for | ^aggravated incest of his 13-year-old daughter, noting that the trial court was aware of the defendant’s status as a first offender and his reputation in the community. Additionally, in
 
 State v. Wall,
 
 33,385, pp. 1-3 (La.App. 2 Cir. 6/21/00), 764 So.2d 1191, 1193-94, the defendant, age 28 and a first offender, received the maximum 20-year sentence for aggravated incest of his step-daughters, ages 7 and 8, on three to four separate occasions.
 

 Considering the above jurisprudence and the circumstances of this case, including the repeated incidents of the crime upon defendant’s step-daughter over a three-year period and the defendant’s lack of remorse, the trial court did not abuse its discretion by imposing a 15-year sentence at hard labor on defendant. Defendant’s sentence is not so disproportionate to the crime committed by him as compared to similarly situated defendants that it shocks one’s conscience. Accordingly, this assignment of error is without merit.
 

 ERRORS PATENT DISCUSSION
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990).
 

 The sentencing transcript shows the trial court imposed a $10,000 fine but the commitment does not reflect the imposition of the fine. Generally, when there is an inconsistency between the commitment/minute entry and the transcript, the transcript prevails.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983). Accordingly, we remand the matter to the trial court with instructions to correct the commitment to reflect the imposition of the $10,000 fine on defendant and to transmit the amended minute entry to the officer in charge of the institution to which the 113defendant has been sentenced.
 
 See State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
 

 Additionally, during sentencing, the trial court ordered defendant to complete a sex offender treatment program under LSA-C.Cr.P. art. 895(J). Subsection J of article 895 requires sex offenders who are placed on probation to successfully complete a sex offender treatment program. In the present case, defendant was not placed on probation and therefore the trial judge had no authority to order defendant to complete a sex offender treat
 
 *619
 
 ment program pursuant to LSA-C.Cr.P. art. 895(J).
 
 See State v. Esteves,
 
 01-899, p. 6 (La.App. 5 Cir. 10/30/01), 800 So.2d 1040, 1048. Accordingly, we vacate that portion of the defendant’s sentence.
 
 Id.
 

 CONCLUSION
 

 For the above reasons, we conclude that the trial court did not err in denying defendant’s motion for specific performance of an alleged plea agreement, defendant having failed to prove the existence of the alleged agreement. Accordingly, defendant’s conviction is affirmed. We further find that the defendant’s sentence is not excessive. Defendant’s sentence is affirmed in part but vacated as to the imposition of the sex offender treatment program under LSA-C.Cr.P. art. 895(J). We remand this matter to the trial court with instructions to correct the commitment to reflect the imposition of the $10,000 fine on defendant and to transmit the amended minute entry to the officer in charge of the institution to which the defendant has been sentenced.
 

 CONVICTION AFFIRMED; SENTENCE AFFIRMED IN PART, VACATED IN PART; REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 . Defendant filed several pre-trial motions but none were ruled upon prior to his guilty plea. When a defendant does not object to the trial court’s failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived.
 
 State v. Corzo,
 
 04-791, p. 2 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.
 

 [2]
 

 . The probable cause affidavit contained in the arrest report states that defendant:
 

 ... provided an inculpatory statement to listed Detectives admitting that he rubbed his stepdaughter’s bare breasts with his hands and rubbed her inner thigh and vaginal area with his hand, over her panties. The arrestee advised that he told his stepdaughter to grab his [penis], at which time she complied and began masturbating him. Detective Horne obtained a Child Advocacy Center discloser from the victim on 1-30-07, stating that between 2003 and October 2006, her stepfather would masturbate in front of her and ejaculate on her butt and stomach.
 

 [3]
 

 . Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
 

 [4]
 

 . After the 15-year sentence was imposed, defense counsel made an oral motion for reconsideration of the sentence, but indicated that she would follow up with a written motion. The trial court stated that it would consider the motion after the written motion was filed. The record filed in this Court does not show defendant ever filed a written motion or that the trial court ever ruled on the defendant’s oral motion. In similar situations, this Court has held that the defendant abandons his oral motion to reconsider sentence by failing to file a written supplement to his oral motion, where the oral motion does
 
 *617
 
 not state the specific grounds upon which it was based.
 
 See State v. Thomas,
 
 04-1341, pp. 11-12 (La.App. 5 Cir. 5/31/05), 904 So.2d 896, 904,
 
 writ denied, 05-2002
 
 (La.2/17/06), 924 So.2d 1013. Thus, defendant’s oral motion for reconsideration of sentence was abandoned, and accordingly, this matter does not need to be remanded for a ruling thereon.
 

 [5]
 

 .LSA-R.S. 14:78.1(D) was amended by La. Act 2006, § 325, to increase the penalties where the victim was under the age of 13. This amendment became effective August 15, 2006. Defendant was charged with aggravated incest between June 6, 2006 and August 1, 2006, prior to the effective date of the amendment. Defendant’s plea agreement specifically stated he was pleading guilty under the older 2006 law.
 

 [6]
 

 . Of note, although the PSI is a part of the appellate record, the impact statements are not attached to the PSI and appear to be missing from the appellate record.
 

 [7]
 

 . Although the PSI was not placed into the record under seal, the report is considered confidential under LSA-C.Cr.P. art. 877. Ac
 
 *618
 
 cordingly, though this court has reviewed it, we will not disclose its contents in this opinion.