PER CURIAM.
| granted. The court of appeal erred in reversing defendant’s conviction on the basis that his Sixth Amendment right to confrontation was violated because the victim’s refusal to answer questions on cross-examination made her essentially unavailable. State v. Vallo, 47,995 (La.App. 2 Cir. 5/29/13), 117 So.3d 268. The defense did not, however, object to the admission of the recorded forensic interview or when the victim refused to respond on four occasions during cross-examination. La. C.Cr.P. art. 841 generally provides that “[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence.” See also State v. Arvie, 505 So.2d 44, 47 (La.1987) (“One purpose of the contemporaneous objection rule is to require counsel to call an error to the judge’s attention at a time when the judge may correct the error. The rule also prevents defense counsel from ‘sitting on’ an error and gambling unsuccessfully on |2the verdict, and later resorting to appeal on an error which might have been corrected at trial.”).
In reversing the conviction despite what it acknowledged was the lack of any contemporaneous objection, the court of *836 appeal found the present case “remarkably similar” to State v. in the Interest of R.C., 494 So.2d 1350 (La.App. 2 Cir.1986). Vallo, 47,995 at 30, 117 So.3d at 279. In R.C., however, the defense filed a motion to determine the admissibility of the recorded interview of the victim, and the defense objected to the admission of this recording on the basis that the child refused to answer some questions on cross-examination. See R.C., 494 So.2d at 1351. Nonetheless, the court of appeal in the present case applied a “plain error” rule derived from federal jurisprudence to consider the confrontation violation claim despite the lack of contemporaneous objection because “the claim ... is, if correct, one that would have substantially affected the fairness of the proceedings and the reliability of the fact-finding process.” Vallo, 47,995 at (10./29/13), 117 So.3d 268, 274.
In finding “plain error”, the court of appeal relied on its earlier decision in State v. Thomas, 27,507 (La.App. 2 Cir. 12/6/95), 665 S.2d 629, writ denied, 96-0199 (La.4/8/96), 671 So.2d 333. The court of appeal in Thomas recognized that there have been “circumstances where review has been granted in the absence of a contemporaneous objection [under] fact-specific situations where the relevant errors substantially affected the fairness of the proceeding and the reliability of the fact-finding process.” Id., 96-0199 at 7, 665 So.2d at 633. The court in Thomas relied to a great extent on this Court’s opinion in State v. Williamson, 389 So.2d 1328 (La.1980). In Williamson, this Court reversed a defendant’s conviction for attempted second degree murder because the jury was misinstructed on the | .¡definition of the charged crime and responsive verdicts, although there was no contemporaneous objection to the jury charges. In doing so, this Court stated:
In the case at hand the asserted error involves the very definition of the crime of which defendant was in fact convicted. Such an error is of such importance and significance as to violate fundamental requirements of due process.
Id., 389 So.2d at 1331. This Court has nonetheless warned that Williamson did not establish the equivalent of a federal “plain error” rule. See State v. Howard, 98-0064, p. 18 (La.4/23/99), 751 So.2d 783, 804 (noting that “this Court has also on two occasions explicitly cautioned that Williamson did not establish jurisprudentially the equivalent of a ‘plain error’ rule created by F.R.Crim.P. 52(b)”); see also State v. Thomas, 427 So.2d 428, 435 (La.1982) (on reh’g) (“Williamson should not be construed as authorizing appellate review of every alleged constitutional violation and erroneous jury instruction urged first on appeal without timely objection at occurrence. This court has not created or recognized a plain error rule of general application.”).
Williamson has never been applied in the context of a claimed confrontation violation. Notably, confrontation violations are subject to harmless-error analysis, see, e.g., Delaware v. Van Arsdall, 475 U.S. 673, 684, 106 S.Ct. 1431, 1438, 89 L.Ed.2d 674 (1986); United States v. Stalnaker, 571 F.3d 428, 434 (5th Cir.2009), and several state courts have found confrontation violation claims waived by lack of contemporaneous objection. See State v. Sharp, 289 Kan. 72, 104, 210 P.3d 590, 610 (2009) (“We have held that a defendant’s failure to timely object at trial to alleged hearsay statements precludes raising the issue on appeal, even where contending a violation of the Confrontation Clause of the Sixth Amendment”); State v. Yaw, 398 N.W.2d 803, 805 (Iowa 1987) (“It is well settled in Iowa that objections to evidence must be raised at the earliest opportunity |4after the grounds for objection become apparent [and] [constitutional questions must be preserved in the same manner as any other issue.... There is no question in *837 this record that the confrontation issue was not preserved at trial.”); Jenkins v. State, 102 So.3d 273, 283-84 (Miss.App.2011) (finding that defendant’s “Confrontation Clause issue is waived and not preserved for appellate review since there was no motion in limine or contemporaneous objection.”), aff'd, Jenkins v. State, 102 So.3d 1063 (Miss.2012) (finding that an objection by defense counsel sufficed to preserve the issue for review but rejecting the merits of the claim); Deener v. State, 214 S.W.3d 522, 527 (Tex.App.2006) (“[W]e disagree that Deener’s rights under the Confrontation Clause are ... not subject to the requirement that he object in order to protect them”). Similarly, as noted by a federal district court, the contemporaneous objection rule is regularly followed by Louisiana courts on collateral review to reject claimed confrontation violations. See Landry v. Cain, Slip Copy, 2013 WL 1103276 *7 (E.D.La.2013) (collecting cases).
Accordingly, we find that the court below erred to the extent it extended the principle originating in Williamson to reach an unobjected-to confrontation violation and applied what amounts to a “plain error” rule to relieve the defendant from the necessity of contemporaneously objecting to a claimed confrontation violation. Therefore, the ruling of the court below is reversed. Because defendant also argued on appeal that his sentence is excessive, which issue was not reached by the court below, the matter is remanded to the court of appeal for consideration of this preter-mitted sentencing claim.
REVERSED AND REMANDED.
HUGHES, J., dissents and would affirm the court of appeal.