STEWART, J.
In State v. Vallo, 47,995 (La.App.2d Cir.5/29/13), 117 So.3d 268, this court reversed the conviction of the defendant, Joshua Vallo, for aggravated incest. This court found that the admission into evidence of the young victim’s videotaped statement violated the defendant’s Sixth Amendment right of confrontation where the victim would not answer questions about the offense on the stand and where the state failed to comply with the strict statutory requirements for establishing the video as competent evidence and for its admissibility at trial.
Our ruling was reversed by the supreme court in a per curiam opinion, State v. Vallo, 2013-1369 (La.1/10/14), 131 So.3d 835. The supreme court found that this court “reached an unobjeeted-to confrontation violation and applied what amounts to a ‘plain error’ rule to relieve the defendant from the necessity of contemporaneously objecting to a claimed confrontation violation.” The supreme court remanded the matter for our review of the defendant’s claim that his sentence is excessive.
Before addressing the defendant’s assignment of error regarding his sentence and notwithstanding the supreme court’s *1203 reversal of our original ruling, we note that the defendant may still raise the issues concerning the Confrontation Clause violation, such as ineffective assistance of counsel in failing to object, in post-conviction proceedings.
The facts of the defendant’s aggravated incest conviction are set forth in our original opinion and can be referenced therein. We will proceed to review the defendant’s claim that his 50-year sentence is excessive.
J^EXCESSIVE SENTENCE CLAIM
The defendant argues that his sentence is excessive considering his age and first offender status. He further contends that his sentence is based on an erroneous factual finding that he had the opportunity to confront his accuser. In light of the supreme court’s opinion, we are constrained to find no merit to the defendant’s latter argument.
The state asserts that the trial court did not abuse its discretion because the sentence imposed fell within the statutory limits, was not excessive, and was supported by the victim impact statement given by the young victim’s father. The state further argues that the sentence is not excessive when one considers the harm done to small children by sex offenders and the fact that the defendant knew the victim was particularly vulnerable and incapable of resistance because of her extreme youth.
Ordinarily, appellate review of an excessive sentence claim involves a two-step process, with the first step being an analysis of the trial court’s compliance with the sentencing guidelines of La. C. Cr. P. art. 894.1. However, when a defendant has not filed a motion to reconsider sentence in the lower court, appellate review is limited to the second step, namely, an analysis of the sentence for constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Williams, 45,755 (La.App.2d Cir.11/3/10), 54 So.3d 1129, writs denied, 2010-2682 (La.4/25/11), 62 So.3d 85 and 2010-2706 (La.4/25/11), 62 So.3d 89. Because the record does not show that the defendant filed a motion to reconsider sentence, our review is limited to the claim of constitutional excessiveness.
|SA sentence violates La. Const, art. I, § 20, if it is grossly disproportionate to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Lobato, 603 So.2d 739 (La.1992). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158. Whether a sentence is too severe depends on the circumstances of the case and the background of the defendant. State v. Flores, 27,736 (La.App.2d Cir.2/28/96), 669 So.2d 646.
A trial court has wide discretion in imposing a sentence within the statutory limits, and the appellate court will not set aside a sentence as excessive in the absence of manifest abuse of that discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7; State v. Hardy, 39,233 (La. App.2d Cir.1/26/05), 892 So.2d 710. A trial court is given such broad sentencing discretion because it is in the best position to consider the aggravating and mitigating circumstances of a particular case. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert, denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate; it merely assesses whether the trial court abused its discretion. Id.
*1204 The defendant was convicted of aggravated incest, a violation of La. R.S. 14:78.1, whose penalty provision states:
|4P. (1) A person convicted of aggravated incest shall be fined an amount not to exceed fifty thousand dollars, or imprisoned, with or without hard labor, for a term not less than five years nor more than twenty years, or both.
(2) Whoever commits the crime of aggravated incest on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.
(3) Upon completion of the term of imprisonment imposed in accordance with Paragraph (2) of this Subsection, the offender shall be monitored by the Department of Public Safety and Corrections through the use of electronic monitoring equipment for the remainder of his natural life.
Because the defendant was over the age of seventeen and the young victim was under the age of thirteen, the defendant was subject to imprisonment at hard labor for not less than 25 years and no more than 99 years, with at least 25 years of the sentence to be imposed without benefit of parole, probation, or suspension of sentence. Even after completing his prison time, the defendant will be subject to electronic monitoring for the remainder of his life. The harsh penalty provisions under La. R.S. 14:78.1(D)(2) and (B) reflect the abhorrence with which such crimes are viewed and the desire to the protect the most vulnerable youngsters from sexual predators. Considering the available penalty, the trial court imposed a midrange sentence on the defendant. At sentencing, the defendant was informed that he would be required to register as sex offender for the remainder of his natural life if released from custody. He was given an opportunity to review and sign the notification of the sex offender registration requirements.
IsThe young victim’s father spoke on behalf of the family at the sentencing hearing. He succinctly stated that he wanted the trial court to consider the impact of the offense on his daughter and the entire family. He also expressed the desire that the defendant be given a life sentence.
The trial court had the benefit of a presentence investigation report, which defense counsel had an opportunity to review. The trial judge noted that he considered the factors set forth in La. C. Cr. P. art. 894.1, including the defendant’s social history, his age, the seriousness of the crime, and the possibility of rehabilitation. The defendant, a first felony offender, was 23 years old at the time of sentencing. He was raised by his mother and grandmother. He did not complete high school, but he did obtain a GED. The defendant was divorced and had no biological children. Referring to the facts and circumstances of the crime, the trial judge described it as a “horrific crime” that involved a minor child. The trial judge opined, based on his experience, that there was not “very much” chance of rehabilitation for “a crime of this nature,” and that people convicted of similar crimes have a propensity to re-offend. The trial judge wanted to make certain that there would be no other victims of this defendant. The defendant was afforded the opportunity to speak at the sentencing hearing, but he declined to do so.
As stated, the trial judge sentenced the defendant to a midrange sentence of 50 years at hard labor, with the first 25 years to be served without benefit of parole, probation, or suspension of sentence. He was allowed credit for time served.
*1205 Certainly, there are comparable eases where defendants received lesser sentences. In State v. Gardner, 46,688 (La.App.2d Cir.11/2/11), 77 So.3d 1052, a 20-year-old defendant, who had sexual intercourse with his 12-year-old half-sister, was initially charged with aggravated rape but pled guilty to aggravated incest. The plea agreement provided that he would be sentenced under La. R.S. 14:78.1(D)(1), thereby reducing his sentencing exposure to a maximum of 20 years. He received a midrange sentence of 12 years’ imprisonment at hard labor.
In State v. Redfeam, 44,709 (La.App.2d Cir.9/28/09), 22 So.3d 1078, writ denied, 2009-2206 (La.4/9/10), 31 So.3d 381, the defendant was convicted of aggravated incest and sexual battery against his five-year-old daughter. He was given concurrent sentences of 40 years’ imprisonment, including 30 years without benefits, for the sexual battery and 25 year without benefits for the aggravated incest. The defendant did not have a significant criminal history.
In State v. Phillips, 09-455 (La.App. 5th Cir.3/9/10), 39 So.3d 610, the defendant, a 27-year-old police officer, pled guilty to aggravated incest and was sentenced to 15 years at hard labor and fined $10,000 under La. R.S. 14:8.1(D)(1).
In Gardner, supra, and Phillips, supra, there appear to have been agreements that allowed for sentencing under the provision that does not consider the victim’s tender age. The defendant in Redfeam, supra, received a slightly less midrange sentence than that imposed in this matter. As an appellate court, we do not assess whether a different sentence should have been imposed; rather, we determine whether the trial court abused its broad discretion. Cook, supra. Here, the trial judge considered the victim’s tender age, as well as the defendant’s age and his lack of a prior criminal |7history. Even considering the mitigating factors of the defendant’s relative youthfulness (20 at the time of the offense) and his lack of criminal history, the trial court still found it appropriate to impose the 50-year sentence.
Considering the facts of this case and the harm done to the young victim, as related by her father, we find that the sentence does not shock the sense of justice and is not constitutionally excessive. The defendant took advantage of his young stepdaughter when the mother was unavailable to provide supervision. The defendant violated his position of authority as the child’s stepfather by coaxing the young victim to participate in his twisted sexual activities. We find that the trial judge appropriately tailored the sentence to this defendant and that the sentence is not just a purposeless and needless infliction of pain and suffering.
CONCLUSION
Finding no merit to the assignment of error regarding the excessiveness of the sentence, and in light of the supreme court’s per curiam opinion, we affirm the defendant’s conviction and sentence.
AFFIRMED.