PITMAN, J.
| defendant Joshua Vallo seeks supervisory review of the denial of his application for post-conviction relief (“PCR”). For the following reasons, the writ is granted in part and the matter is remanded to the trial court for further proceedings.
FACTS
Defendant was charged with the aggravated incest of his eight-year-old stepdaughter, M.M., between the dates of April 1 and June 3, 2010. A jury trial was held on April 23-25, 2012. Defendant was convicted of aggravated incest and was sentenced to serve 50 years at hard labor, with the first 25 years to be served without the benefit of parole, probation or suspension of sentence. He appealed his conviction and sentence. On appeal, this court reversed his conviction and sentence after determining that his Sixth Amendment right to confrontation was violated during his trial when the state introduced a video of a forensic interview of M.M. (“the Gin *1199 gerbread video”) and then M.M. refused to answer questions during cross-examination, thereby bypassing the strict requirements for the introduction of videotaped statements found in La. R.S. 15:440.4. The state appealed and the supreme court, in a per curiam opinion, reversed this court’s ruling, finding that the defense did not object to the admission of the Gingerbread video or when the victim refused to respond on four occasions during cross-examination. It found that La. C. Cr. P. art. 841 generally provides that an irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence. State v. Vallo, 47,995 (La.App. 2 Cir. 5/29/13), 117 So.3d 268, writ granted, judgment rev’d, 13-1369 (La. 1/10/14), 131 So.3d 835 (“Vallo I”).
|2On remand, this court affirmed Defendant’s conviction and sentence. State v. Vallo, 47,995 (La.App. 2 Cir. 2/13/14), 134 So.3d 1201 (“Vallo II"). Preceding its opinion addressing the excessive sentence issue, this court stated:
Before addressing the defendant’s assignment of error regarding his sentence and notwithstanding the supreme court’s reversal of our original ruling, we note that the defendant may still raise the issues concerning the Confrontation Clause violation, such as ineffective assistance of counsel in failing to object, in post-conviction proceedings.
On May 11, 2015, Defendant, through counsel, filed an application for PCR, alleging that his constitutional rights under La. Const. Art. 1, § 16, and the Confrontation Clause of the Sixth Amendment to the U.S. Constitution had been violated when the state was permitted to present the Gingerbread video, which was the linchpin of its case against him, without his being able to effectively cross-examine M.M. He also asserted that his trial attorney was ineffective for failing to object to the admission of the Gingerbread video and to M.M.’s refusal to answer questions on cross-examination. He argued, citing Vallo I, that, had his attorney lodged such an objection, his conviction would have been reversed by this court. As such, he argued, but for his trial attorney’s failure to object, the result of his trial would have been different.
On October 19, 2015, the state filed an answer to Defendant’s PCR application. It denied his allegations and argued that the Confrontation Clause issue had been fully litigated on appeal. It contended that Defendant failed to prove that his attorney was ineffective under the prejudice prong of the test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because he testified at trial and the jury was able to | Sassess his testimony. It also argued that the Gingerbread video would have, been admissible for impeachment purposes after Defendant had testified.
A hearing was held on Defendant’s PCR application on March 14, 2016, wherein defense counsel noted that he had not received notice of the hearing until the Wednesday before and suggested that he would have liked to “make the record of whether her (the trial attorney’s) non-objection to the Confrontation Clause issue would’ve been a strategy decision.” He later asked the court, “And I don’t know if it would—if it would test the Court’s patience or if it would be to please the Court, may we hold this hearing open as far as an ability for me to get her under subpoena and just come back up here and make the record whole with her testimony?”
The state responded that, if this was a case where the Confrontation Clause issue “was not developed because of something that the attorney did that is trial strategy, then the burden is,certainly upon the defense to show that.”
*1200 The trial court responded that, while it would allow defense counsel to-supplement his memorandum because he did not receive sufficient notice of the hearing, it could not “appreciate the need for (the trial attorney) to be here and, there be any additional questioning as it relates to that.” No evidence was presented by either Defendant or the state. The trial court took the matter under advisement.
On March 18, 2016, the trial court issued a written ruling denying Defendant’s PCR application. Citing the supreme court’s opinion in Vallo I, it opined that Defendant’s Confrontation Clause claim had been addressed and fully litigated on appeal. In particular, it noted that the supreme court had determined that Defendant waived his Confrontation • Clause claim when | ¿he failed to contemporaneously object to the playing or admission of the Gingerbread video.[1]
After providing a summary of M.M.’s trial testimony, the trial court also rejected Defendant’s ineffective assistance of counsel claim with regard to failure to object to the witness’s unavailability, explaining:
The court finds that the victim was present to testify at the trial in question, and she was questioned both on direct examination by the State and on cross-examination by Petitioner’s trial counsel. The record also reflects that Petitioner took the stand at trial. Thus, the court finds the jury was able to assess and weigh both the testimony of the victim and the Petitioner, as well as the video of the victim’s forensic interview at the Gingerbread House. Thus, because the victim was available to testify, the Court finds the defense counsel’s decision on how to proceed with the cross-examination of the victim falls within the ambit of trial strategy and does not establish ineffective assistance of counsel. Strategic decisions are inappropriate considerations for post-conviction relief. See State v. LaCaze, 99-0584 (La. 1/25/02), 824 So.2d 1063, 1082.
Furthermore, the Court finds Petitioner’s statement conclusory that “[b]ut for counsel’s failure to object, the result of [Petitioner’s] trial would have been different.” Petitioner fails to present any evidence to show a reasonable probability that, but for his counsel’s failure to object, the proceeding would have been different. Judicial scrutiny of counsel’s performance must be highly deferential and the court must refrain from second-guessing particular strategy on hindsight. Id. Hindsight is not the proper perspective for judging the competence of counsel’s decisions. Neither may an attorney’s level of representation be determined by whether a particular strategy is successful.
Defendant sought supervisory review of the trial court’s ruling; and, on July 7, 2016, this court granted the writ to docket.
I .DISCUSSION
Defendant argues that the trial court erred in denying him relief on his ineffective assistance of counsel claim because this court previously concluded that his right to confront his accusers was violated by M.M.’s refusal to answer questions during cross-examination. He contends that, had his trial attorney objected to the violation, this court’s reversal of his conviction would have been affirmed by the supreme court, instead of reversed based solely on *1201 the defense’s failure to contemporaneously object to the confrontation error. Therefore, he argues, the only reason he has not received a new trial is his trial attorney’s failure to object to the Confrontation Clause violation, and such a failure to object constitutes deficient performance. He also contends that his trial attorney’s failure to object to admission of the Gingerbread video was not a strategic decision, but also constituted deficient performance. There could be no strategic reason to refrain from objecting to a meritorious Confrontation Clause violation.
In addition, Defendant submits that his trial attorney’s failure to object prejudiced his case. He points out, as this court noted in Vallo I, that the Gingerbread video was the basis of the state’s case against him and the state failed to satisfy the requirements of La. R.S. 15:440.5 to allow admission of the recorded interview, including that M.M. must have been available for cross-examination. M.M.’s failure to state exactly what he did to her violated the Confrontation Clause of the Sixth Amendment. He asserts that, but for his trial attorney’s failure to object, he would have received a new trial.
| (¡Alternatively, Defendant requests that this court remand the matter to the trial court for another evidentiary hearing. He complains that, despite the fact that the trial court stated during the March 14, 2016 PCR hearing that it saw no need to have Defendant’s prior trial counsel testify, it concluded, without evidence, that his trial attorney’s failure to object during M.M.’s cross-examination was trial strategy and, thus, that his application for PCR should be denied.
The state counters that there was no attorney error involved in the admission of the Gingerbread video because M.M.’s testimony on direct examination supported the verdict, as did the anatomical drawings, which had been introduced. It argues that M.M. was available for cross-examination at trial and points out that presentation of child testimony by a prosecutor and cross-examination by defense counsel is handled differently than the testimony of an adult witness and, therefore, is subject to varying trial strategies. It asserts that Defendant has not shown that exculpatory evidence would have been revealed if M.M. answered all of the questions posed by defense counsel at trial.
La. C. Cr. P. art. 930 concerns evidentia-ry hearings when applications for PCR have been filed and provides that an evi-dentiary hearing for the taking of testimony or other evidence shall be ordered whenever there are questions of fact which cannot properly be resolved pursuant to La. C. Cr. P. arts. 928 (dismissal upon the pleadings) and 929 (summary dispositions). La. C. Cr. P. art. 930.3 contains the grounds for PCR and states that, if the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on certain grounds, the first of which is that the conviction was obtained in violation of the constitution of the United States 17or the state of Louisiana. A petitioner in an application for post-conviction relief shall have the burden of proving that relief should be granted. La. C. Cr. P. art. 930.2.
The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the U.S. Constitution. See State v. Wry, 591 So.2d 774 (La. App. 2d Cir. 1991). Under the standard set out in Strickland v. Washington, supra, and adopted by the Louisiana Supreme Court in State v. Washington, 491 So.2d 1337 (La. 1986), a conviction must be reversed if the petitioner proves (1) that counsel’s performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel’s inadequate *1202 performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect. State v. Legrand, 02-1462 (La. 12/3/03), 864 So.2d 89; cert. denied, 544 U.S. 947, 125 S.Ct. 1692, 161 L.Ed.2d 523 (2005).
The assessment of an attorney’s - performance requires his conduct to be evaluated from counsel’s perspective at the time of the occurrence. A reviewing court must give great deference to trial counsel’s judgment, tactical decisions and trial strategy, strongly presuming he has exercised reasonable professional judgment. State v. Grant, 41,745 (La.App. 2 Cir. 4/4/07), 954 So.2d 823, writ denied, 07-1193 (La. 12/7/07), 969 So.2d 629. In State v. Allen, 03-2418 (La. 6/29/05), 913 So.2d 788, cert. denied, 547 U.S. 1132, 126 S.Ct. 2023, 164 L.Ed.2d 787 (2006), the Louisiana Supreme Court stated that “the failure to object to a valid error may. be the proper subject of a post-conviction claim of ineffective assistance of counsel.”
1 ROnce the attorney’s performance is found to have been deficient, the court next considers whether that performance resulted in errors so serious that the defendant was deprived of a fair tidal with a reliable result. Strickland, supra. The defendant must prove the deficient performance caused him an actual prejudice so severe that, but for his counsel’s deficient performance, there is a reasonable probability that the outcome of the proceedings would have been different. Strickland, supra; State v. Pratt, 26,862 (La.App. 2 Cir. 4/5/95), 653 So.2d 174, writ denied, 95-1398 (La. 11/3/95), 662 So.2d 9.
In Vallo I, this court explained that Defendant was denied due process when the state was permitted to present to the jury, and admit into evidence, the Gingerbread video without compliance with the strict requirements of La. R.S. 15:440.5. Additionally, this court determined that the Confrontation Clause of the Sixth Amendment was violated when M.M. refused to answer questions during cross-examination, which essentially made her an unavailable witness. Accordingly, this court concluded that his conviction and sentence should be reversed and the matter remanded to the trial court for further proceedings. Although the supreme court reversed this court’s ruling in Vallo I, its reversal was based solely on the defense’s failure to lodge a contemporaneous objection to the admission of the Gingerbread video.
As noted in State v. Allen, supra, the failure of trial counsel to object to a valid error may support a PCR claim for ineffective assistance of counsel. In ruling on this application for PCR, the trial court, without having heard Defendant’s attorney’s explanation for failure to object to the admission of the Gingerbread video or to the failure of the state to comply |3with La. R.S. 15:440.4 and make M.M. “available,” concluded that it was defense attorney’s trial strategy; and, as such, the decision was entitled to great deference in accordance with State v. Grant, supra. This court, in Vallo I, has already determined that his constitutional rights had been violated, The supreme court’s decision did not determine the validity of his constitutional claim on appeal; it simply stated that no contemporaneous objection had been made by counsel; and, thus, the issue would was not preserved for review. It is still, however, an issue to be examined with regard to the claim for PCR and whether there was ineffective assistance of counsel.
Here, Defendant has made a claim that his trial counsel’s failure to object to the state’s presentation and the trial court’s admission of the Gingerbread video constituted deficient performance for the purposes of Strickland, supra. Furthermore, the Defendant has alleged ineffective assis *1203 tance of counsel in that his attorney did not object to M.M.’s unavailability to testify as is required by La. R.S. 15:440.4 prior to the presentation of the video to the jury. The trial court, while noting that Defendant’s attorney had not received sufficient notice of the hearing to have a subpoena issued to the trial attorney, denied the defense attorney’s request that the matter be left open so that a subpoena could be issued and the trial attorney could appear and explain whether the omission of the objection was trial strategy. After stating that there was no need for the subpoena to be issued and questions answered, it issued a ruling declaring the trial attorney’s questioning of M.M. and the failure to object was trial strategy and denied the application for PCR.
| mSince La. C. Cr. P. art. 930 provides that an evidentiary hearing for the taking of testimony or other evidence “shall be ordered whenever there are questions of fact which cannot properly be resolved” otherwise, and in this case, whether the trial attorney’s failure to object was trial strategy, is a question of fact, we are compelled to grant this writ in part and remand for further proceedings, i.e, a hearing at which the trial attorney can testify as to the reason why no objection was made to the introduction of the Gingerbread video or a challenge made to M.M.’s availability to testify.
CONCLUSION
For the foregoing reasons, the writ is granted in part and the matter is remanded to the trial court for further proceedings.
WRIT GRANTED IN PART; MATTER REMANDED FOR FURTHER PROCEEDINGS.

. This is the first basis for his application for PCR; his attorney did not object to the introduction of the Gingerbread video, although the state did not fully comply with La. R.S. 15:440.4, as was pointed out in Vallo I. The supreme court did not address the merits of the Confrontation Clause issue because Defendant’s attorney did not contemporaneously object at trial. The supreme court reversed this court’s decision on that basis alone.